LOUIS EHRLICH V. STATE OF NEBRASKA.

FILED APRIL 16, 1895.   NO. 5807.

Oral Instructions: CRIMINAL LAW. Under the provisions of sections 52 to 56, chapter 19, Compiled Statutes, the giving of oral instructions in either civil or criminal cases, without a waiver of the statutory requirement that they be given in writing, is reversible error. An oral instruction, over proper objections, having been given in this case in disregard of the above statutory provisions, the judgment of the district court is reversed.

ERROR to the district court for Seward county. Tried below before MILLER, J.

*Norval Bros. & Lowley,* for plaintiff in error.

*George H. Hastings, Attorney General, contra.*

RYAN, C.

This case was submitted for our determination on April 5, 1895, and in accordance with the practice of this court in criminal cases is decided at the earliest practicable moment. The plaintiff in error was convicted in the district court of Seward county of an attempt to commit the crime of rape upon the person of a female child under the age of fifteen years. The case of *Hall v. State,* 40 Neb., 320, will probably be found instructive as to several propositions discussed, hence they shall not receive special consideration. Among other instructions one was given to the effect that if the accused at any time administered drugs to the complaining witness in furtherance of his criminal design, such use of drugs would constitute an assault, whether successful or not. On the day following that upon which the case was submitted, the jury returned into court and by a communication signed by their foreman asked "further information" in regard to the subject-matter of the above in-

struction. The court thereupon, in the absence of the accused, notwithstanding objections of counsel for the accused, orally•instructed the jury as follows: "Gentlemen of the jury: By the using of the word 'may' in this instruction means that the offense can be committed by the defendant laying a hand upon a female child by a male person over eighteen years of age; or, in other words, that if from the testimony you should find that the defendant indecently handled or fondled the complaining witness in this case, that such would be an offense under the statute." By an act of the legislature of this state approved February 19, 1875, now embodied in chapter 19 of the Compiled Statutes as sections 52 to 56 inclusive, it is required that all instructions, whether in criminal or civil cases, in the absence of an express waiver in open court entered of record, shall be written, and that they must be read to the jury. Section 56 of said chapter contains the following provisions: "No oral explanation of any instruction authorized by the preceding sections shall in any case be allowed, and any instruction or charge, or any portion of a charge or instructions given to the jury by the court and not reduced to writing as aforesaid, * * * shall be error in the trial of the case and sufficient cause for the reversal of the judgment rendered therein." There is under this statute no alternative, and the judgment of the district court is

REVERSED.

NORVAL, C. J., not sitting.