WILLIAM D. ENSOR, ADMINISTRATOR, APPELLEE, V. A. D. COMPTON, APPELLANT.

FILED JUNE 27, 1923. No. 22355.

1. **Death: DAMAGES.** The amendment to section 1429, Rev. St. 1913, made by ch. 92, Laws 1919 (Comp. St. 1922, sec. 1383), providing that, in actions for death by wrongful act, "the verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained," does not permit recovery for other than financial loss, either present or which may reasonably be anticipated to result in the future.

2. ——: ——. Loss of companionship should not be submitted to the jury as an element of damage in such actions, except under special circumstances where it can reasonably be said that under the evidence it has a money value.

3. **Evidence** examined, and *held* sufficient to sustain the verdict of the jury.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed.*

*Stout, Rose, Wells & Martin,* for appellant.

*John O. Yeiser* and *E. A. Conaway,* contra.

Heard before Morrissey, C. J., Letton, Aldrich and Good, JJ., Begley, District Judge.

Begley, District Judge.

On May 20, 1920, a collision occurred at the intersection of Fifty-second and Dodge streets, Omaha, Nebraska, between an Overland automobile driven from the north by Harry Montgomery, and a Buick automobile, driven from the east by A. D. Compton. Mrs. Inez Ensor, who was riding as a guest in the Montgomery car, was thrown from the car and seriously injured, from the effects of which she died within an hour. This action is brought by William D. Ensor, her husband, as administrator of her estate, who alleged that her death was caused by the negligent act of defendant in driving his automobile at a speed of about 50 miles an hour and without having his car under control. Defendant filed a general denial. Trial was had and verdict returned for plaintiff for the sum of $5,000, and from a judgment thereon defendant has appealed.

It is first alleged that the court erred in giving instruction No. 16, as follows: "The jury are instructed that, if they find for the plaintiff, then in assessing damages they should not allow plaintiff anything for pain and sorrow or anguish of mind, but may allow full compensation for loss of services and companionship sustained by her husband in so far as they have a monetary value. You may take into consideration her age and health and the probable life expectancy in estimating such damages, if any you may so determine, in a sum not greater than the amount prayed for in the petition." This instruction was given at plaintiff's request on the authority claimed in *Wood v. City of Omaha,* 87 Neb. 213. In that case it was held that a similar instruction was not prejudicially erroneous as applied to the evidence.

Appellant contends that there is no evidence in this case to support such an instruction, and that under our statutes damages recoverable are restricted to pecuniary

Ensor v. Compton.

injuries resulting from such death, citing a long line of decisions, and also citing section 1429, Rev. St. 1913, which provides: "The jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death." However, section 1429 was amended in 1919 (Laws 1919, ch. 92), and now appears as section 1383, Comp. St. 1922, in which the above language has been omitted and instead this provision appears: "The verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained." This amendment was made by the legislature after this court had, by a long line of decisions, held that damages in this class of cases were limited under the statute to money loss or its equivalent. This change, while significant, does not provide a wide open door to all sorts of claims for damages. The loss under the statute is still a pecuniary loss. Nothing can be allowed on account of mental suffering or bereavement or as a solace on account of such death. Only such damages can be recovered as are shown by the evidence to have a monetary value. In states having a statute similar to our own, it has generally been construed as permitting recovery of damages for loss of service and companionship under special circumstances where the evidence shows they have a money value. *Evans v. Oregon Short Line R. Co.*, 37 Utah, 431; *McFarland v. Oregon E. R. Co.*, 70 Or. 27; *Mize v. Rocky Mountain Bell Telephone Co.*, 38 Mont. 521; *St. Louis & S. F. R. Co. v. Moore*, 101 Miss. 768; *Bond v. United Railroads*, 159 Cal. 270. However, recovery for loss of services and companionship by a surviving husband or wife can only be sustained where the evidence shows a reasonable probability that such services and companionship afforded the survivor was of such a character that it would be of advantage to such survivor, and that a disallowance thereof would cause a pecuniary loss to him or her. *Sanfilippo v. Lesser*, 59 Cal. App. 86.

We think the instruction was not prejudicially erroneous under the evidence in this case. The evidence established that the deceased was 39 years of age; that she was married to the plaintiff herein in 1916; that she was employed in Council Bluffs at a salary of $16 a week, and her husband was employed as a telegraph operator, working nights from 12 to 8 a. m.; that she cared for the house as a housewife; that she and her husba d lived together in harmony, he being an ex-soldier and she assisting him in getting a start in life; that she contributed about one-half to the support of the home and purchased most of her wearing apparel. These facts might be taken into consideration by the jury for the purpose of estimating the amount of damages which the husband and next of kin have sustained. *Dickinson v. Southern Pacific Co.,* 172 Cal. 727.

Objection is made to the admission of certain evidence of witnesses who testified to the speed of a car going west about three blocks east of the place where the accident occurred. Two witnesses testified that immediately before the accident a car going at a rate of 40 to 50 miles an hour sped by them, going west, and that immediately thereafter they heard a crash, and upon coming to the intersection in question found the two cars had collided; and that no other car went by them at the time. Defendant testified that no other car passed at the time cr immediately before or after the accident, and that he was driving at 18 to 20 miles an hour. The point of collision was west of the intersection; the witnesses disputed the distance as being between 24 to 50 feet west of the west curb line of Fifty-second street. After the collision appellant's automobile veered to the southwest, ran over the south curb, up a bank 3 or 4 feet high, and onto an adjoining lot about 52 feet from the apparent point of collison, before it could be stopped. We think this evidence constituted a sufficient circumstance, relating to the speed of defendant's car, to go to the jury, together with the other evidence in the case, as to

whether defendant was negligent and whether such negligence was the cause of Mrs. Ensor's death. The question of negligence was clearly a question of fact for the jury, and their verdict, based upon conflicting evidence, should not be disturbed.

Evidence of witnesses at the Dodge street garage as to the speed of a car going west, which they judged was larger than a Buick, might well have been excluded, but we do not think its admission prejudicial error.

The circumstances surrounding the accident, the position of the cars thereafter, the marks of damage, the wreckage, and all the other evidence, presented a dispute to be settled by the jury as to who was first in the intersection of the street and had the right of way. The court's instruction on this branch of the case embodied the request of defendant.

The case is, therefore,

AFFIRMED.