CORA C. DOW, ADMINISTRATRIX, APPELLEE, v. WALTER LEGG, APPELLANT.

FILED JULY 17, 1930. NO. 27245.

*Fradenburg & Matthews, J. G. Thompson, William A. Stewart* and *William P. Kelley,* for appellant.

*Sidney T. Frum, Craft, Edgerton & Fraizer* and *T. M. Hewitt, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD and DAY, JJ., and JAMES and WRIGHT, District Judges.

WRIGHT, District Judge.

This action was brought by the administratrix to recover damages for alleged wrongful death of Henry V. Dow, who left surviving as his heirs and next of kin, his widow, the administratrix, and three minor children, for whose benefit the action was brought under authority given by sections 1382, 1383, Comp. St. 1922, commonly referred to as Lord Campbell's Act. Walter Legg, Charles E. Wagner, Roy Lieb, and Silas Lieb were made defendants. The parties will be designated, as in the court below, plaintiff and defendants, respectively.

The plaintiff, as administratrix, alleged that on August 27, 1927, the defendants Legg and Wagner, together with the deceased, Dow, and four other persons, all being connected with the sales organization of the Delco Light Company, started to go by automobile from Omaha, Nebraska, to the home of the defendant Wagner, in Miltona, Minnesota, where they were invited by Wagner, who was state manager and distributor for said Delco Light Company, on a week-end pleasure trip as a reward for winning a sales contest among the salesmen, contesting with other states; that the party was traveling in three automobiles, the deceased, Dow, being in the one owned and driven by defendant Legg; that, at a point on the highway a short distance

north of Homer, Nebraska, the car driven by Legg collided with the car driven by defendant Roy Lieb, and as a result of the collision plaintiff's decedent, Dow, was instantly killed. It is alleged that both Legg and Roy Lieb were negligent in the operation of their respective cars, which negligence caused the death of Dow; that Legg, at the time, was in the employ and under the direct supervision of the defendant Wagner, and Roy Lieb was driving a car owned and kept by his father, Silas Lieb, as a family car and for which purposes the same was being driven. At the close of all the testimony, plaintiff's action against Wagner and Silas Lieb was dismissed. A verdict was returned against defendants Legg and Roy Lieb, upon which judgment was entered and from which judgment defendant Legg has appealed.

Defendant Legg assigns as error the giving of instruction No. 14, as to the measure of damages, and in which the jury were told: "You should further take into consideration the loss of support that the plaintiff may have suffered and each of her children, and the services and companionship that she and each of her children may have suffered as the result of the death of the decedent." It is insisted that the court erred in submitting to the jury as one of the elements of damage the loss of companionship suffered by the widow and children. At common law, the right of action for an injury to the person abated upon the death of the injured individual. The right to recover damages for such an injury exists solely by statute, but the compensation or indemnity which may be recovered is limited by the enactment creating the right. *McKay v. Dredging Co.*, 92 Me. 454.

The Nebraska statute referred to, section 1383, Comp. St. 1922, under which this action was brought, provides that, in actions of this character, "the verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained." In construing this statute, the court, in *Ensor v. Compton*, 110 Neb. 522, after calling attention to the change in the statute made by the amendment of 1919, said:

"The loss under the statute is still a pecuniary loss. Nothing can be allowed on account of mental suffering or bereavement or as a solace on account of such death."

A pecuniary loss has been defined as "a loss of money, or of something by which money or something of money value may be acquired." *Bouvier's Law Dictionary.* See *Green v. Hudson River R. Co.,* 32 Barb. (N. Y.) 25, 33.

In *American R. Co. of Porto Rico v. Didricksen,* 227 U. S. 145, the supreme court of the United States, in discussing the right of recovery for death under the employers' liability act of April 22, 1908, said:

"The cause of action which was created in behalf of the injured employee did not survive his death, nor pass to his representatives. But the act, in case of the death of such an employee from his injury, creates a new and distinct right of action for the benefit of the dependent relatives named in the statute. The damages recoverable are limited to such loss as results to them because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employee. The damage is limited strictly to the financial loss thus sustained. * * * The loss of the society or companionship of a son is a deprivation not to be measured by any money standard. It is not a pecuniary loss under such a statute as this."

Again, the same court, in *Michigan C. R. Co. v. Vreeland,* 227 U. S. 59, in construing the employers' liability act of 1908, said:

"This liability is for pecuniary damage only, and the statute should be construed in this respect as Lord Campbell's Act has been construed, not as granting a continuance of the right the injured employee had, but as granting a new and independent cause of action. * * * A pecuniary loss or damage must be one which can be measured by some standard. It is a term employed judicially 'not only to express the character of the loss of the beneficial plaintiff which is the foundation of the recovery, but also to discriminate between a material loss which is susceptible of pecuniary valuation, and that inestimable loss of the

society and companionship of the deceased relative upon which, in the nature of things, it is not possible to set a pecuniary valuation.' "

In *Kennedy v. Byers*, 107 Ohio St. 90, that court, in discussing the rights conferred by the Lord Campbell's Act, said:

"The right to maintain an action of the character of that involved in this case is covered by statute, and the method of bringing the action, as well as the provision specifying those who may share therein as beneficiaries, are both matters of statute, in the absence of which such action could not be maintained. The right conferred is accompanied by the limitation imposed, and the benefits thereof cannot be secured and enjoyed free from the restrictions and limitations which are a part of the same provision."

No attempt was made to prove any circumstances, special or otherwise, where the companionship of the husband and father had any pecuniary value. The widow testified as to the amount furnished by the deceased during his life for the support of the family, and the children testified as to the character of the home and support furnished. No reference was made to any association or companionship with the deceased or as to any facts which would tend to prove or disprove the value of his association or companionship.

The defendant Legg was entitled to have submitted those elements only which, under the evidence, the jury should consider in fixing the amount of recovery. The instruction enlarged upon the matters the jury could, under the law and the evidence, consider, and was prejudicial to the rights of the defendant.

At 9 o'clock in the nighttime, the jury returned into court, when, without the presence of defendant or of his counsel, the following occurred:

"Mr. Benham (foreman of the jury): May it please the court, there is one thing that some of the jurymen want explained. Here is one verdict, plaintiff against both defendants, fixing the amount of her recovery, and one against Roy Lieb. Can they split them up and make one more than

the other if they find them both guilty, in different amounts? The Court: Yes; if you find one was more guilty than the other, you have a right to determine which amount that you have determined on. Mr. Benham: Each one should pay? The Court: Yes. Mr. Benham: We will have that here in five minutes. The Court: If that is in your mind, I would like to see those forms. Mr. Benham: All right. The Court: Gentlemen of the jury, the court, after considering the matter, is of the opinion that if you find for the plaintiff, that the plaintiff has suffered an injury as the result of the negligence of Walter Legg and Roy Lieb, form No. One conveys that intention, and that you cannot divide the different items or the various amounts as between the two defendants which will have to be concurrent negligence what made the injury complained of, if you should find against both of them. The former statement that you could find so much against each individual is incorrect. Mr. Benham: We will have that here in five minutes."

The remarks of the court amount to an instruction in regard to the principles of law applicable to the case and the evidence. The jury were told that it must be concurring negligence which caused the injury complained of, if the finding was against both; and, likewise, that under the law they could not apportion the damages. This seems clearly to be an oral instruction such as is prohibited by the statute, and is, by the defendant Legg, assigned as error.

Section 8794, Comp. St. 1922, requires the district judge in both civil and criminal cases, to reduce his instructions to writing unless waived by counsel in open court; and in this case there was no such waiver. Section 8796 requires these written instructions to be read over to the jury; and section 8798 provides that no oral explanation shall in any case be allowed, and that the giving of an instruction by the court, not reduced to writing, shall be error in the trial of the case and sufficient cause for the reversal of the judgment rendered therein.

When the legislature has provided specific rules of court procedure intended for the protection of litigants, the

courts should not countenance a flagrant departure therefrom. It has long been a settled rule recognized by this court that the giving of an oral instruction in regard to principles of law applicable to the case, without a waiver of the statutory requirement that they be given in writing, is reversible error. *Hartwig v. Gordon,* 37 Neb. 657; *Ehrlich v. State,* 44 Neb. 810. The giving of the oral instruction in this case was error.

Defendant Legg, as one of his defenses, alleged that, at the time of the death of plaintiff's decedent, he and said decedent were engaged in a joint enterprise for the mutual and equal benefit of both, and the control, operation and direction of the car in which they were riding at the time of the accident was under the joint control and direction of both defendant and said decedent. The court submitted this defense in instruction No. 3, but later recalled the jury and withdrew it by drawing a line through that portion of the instruction, evidently having concluded that the evidence did not support the allegations. Nevertheless, in a later instruction, the jury were told that before they could return a verdict against the defendant Legg they must find from a preponderance of the evidence that Legg and Dow were not engaged in a joint enterprise. No definition of the term "joint enterprise" was given to the jury, although defendant Legg requested an instruction defining the term and submitting the issue.

Defendant complains of the action of the court, both in withdrawing the issue and in refusing the instruction tendered. Since the case is to be tried again, when the question must be determined upon the testimony then introduced, it seems unnecessary to decide at this time as to this assignment of error. It may be well, however, to call attention to the rule this court has given concerning a joint enterprise, as follows:

"If, however, two or more persons unite in the joint prosecution of a common purpose, under such circumstances that each has authority, express or implied, to act for all in respect to the conduct or the means or agencies employed to execute such common purpose, the negligence of any one

of them in the management thereof will be imputed to all of the others." And further: "Whether a person riding in the automobile of another is engaged in a common enterprise with the latter is a question for the jury, where it is an issuable fact in the case." *Judge v. Wallen*, 98 Neb. 154.

We do not deem it necessary to discuss the other assignments of error, since upon a retrial it is quite probable the questions will not arise. For the errors herein mentioned, the case should be remanded for a new trial.

The plaintiff has appealed from the judgment of the district court dismissing the action against the defendant Charles E. Wagner, at the close of all the testimony. Before the defendant Wagner can be held liable, the evidence must establish between Wagner and Legg the relationship of master and servant or principal and agent; and that negligence on the part of Legg, while acting within the scope of his employment or carrying out his duties as the agent of Wagner, was the proximate cause of Dow's death. Unless evidence was introduced fairly establishing these facts, either by direct evidence or proof of circumstances from which they could be reasonably inferred, Wagner was not required to offer any testimony.

From a careful examination of all the evidence, we do not discover sufficient proof of the status of either master and servant or principal and agent, so far as the acts of Legg are proved in connection with or leading up to the accident in question. It was developed that Wagner was state distributor in Nebraska for the products of the Delco Light Company, and in the sales organization there was a department termed the Frigidaire department. Legg and Dow were field supervisors in the Delco Light Department. Wagner invited a number of those connected with the sales organization, including Legg and Dow, to his home in Minnesota for a week-end party. It is apparent that Wagner did not undertake to provide for the transportation of the members of this party, other than himself, from Omaha to the Minnesota home. Legg, called as a witness for the plaintiff, states: "Well, they were depending on me taking my car, the bunch was; that was naturally assumed that I

was going to take my car, my automobile." It seems that there was some discussion between the members of the party as to whose car should be driven. Legg made some objections to driving his car and states: "I went back and told Wagner, I thought maybe he would have some suggestions of his own, as to who should take a car, and he didn't have." It is apparent that six of the members of the sales organization were accepting Mr. Wagner's invitation to spend the week-end in his home in Minnesota. Wagner, however, did not undertake to pay the expenses of the trip or to do anything more than furnish the entertainment at the home. While Wagner, himself, made one of the party, starting out from Omaha, he paid no part of the expenses other than his own, and so far as Legg is concerned those parties riding in his car looked after their own. It is apparent that none of these parties were required by Wagner to take the trip, but it seemed to be left to their choice. Viewing the situation as a whole, we are satisfied the court committed no error in entering judgment dismissing the cause of action against Wagner.

Plaintiff has also appealed from the judgment of the district court dismissing the cause of action against defendant Silas Lieb. The action was brought against this defendant on the theory that the car driven by Roy Lieb was being used under such circumstances as would constitute him the agent of Silas Lieb, under the "family car" rule, as adopted by this court; that Silas Lieb was the owner of the car and had furnished it to the members of his family, of whom Roy constituted one, for their use and pleasure, and that on this occasion the car was being put to the purposes for which the defendant had furnished the same. The evidence establishes that Roy Lieb, an adult, had taken the car on this occasion without the consent and against the express command of the father; that he had never been permitted to drive the car, and the defendant Silas Lieb had no knowledge that the same was being used on the occasion in question. The evidence falls far short of establishing any liability on the part of Silas Lieb, and the

action of the district court in dismissing the cause against him was proper.

The judgment of the district court dismissing the action against defendants Charles E. Wagner and Silas Lieb is affirmed. The judgment of the district court against the defendant Legg is reversed and the cause remanded for a new trial.

AFFIRMED IN PART, AND REVERSED IN PART.