Ross Alan **THEVENOT**, Matt Thevenot, a minor, by his guardian ad litem, Ross A. Thevenot, and Paul Thevenot, a minor, by his guardian ad litem, Ross A. Thevenot, each individually and as heirs and next of kin and personal representatives of Shirley Thevenot, deceased, Plaintiffs,

v.

Otto **SIEBER** and Irene Sieber, Defendants.

United States District Court
S. D. New York.

Jan. 2, 1962.

Arthur Kinoy and William Rossmoore, New York City, for plaintiffs.

McCarthy & McGrath, New York City, for defendants.

COOPER, District Judge.

This is a motion brought by defendants pursuant to Rule 12(b) (6), Fed.R. Civ.P., 28 U.S.C.A., which purports to seek the dismissal of part of plaintiffs' complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is denied.

Plaintiffs are the surviving husband and children of Shirley Thevenot, who was killed as a result of an automobile accident, in Nebraska, on September 7, 1960. In their complaint, plaintiffs allege that the accident arose as a proximate result of defendants' negligence. They seek *inter alia* to recover for the wrongful death of Shirley Thevenot and the loss of her "services and consortium." Defendants contend, in this connection,

**16**

that under Nebraska law the basis for damages in such an action is pecuniary loss alone, and that loss of "services and consortium" can in no way constitute an element of damages.

Significantly, although defendants have moved to dismiss, there is nowhere any contention that plaintiffs' allegation of loss of financial support from decedent fails to state a proper claim under the applicable wrongful death provisions.

■ ■ In essence, defendants' motion to dismiss is based on the contention that, under Nebraska law, damages are strictly limited to the pecuniary loss sustained and that there can ordinarily be no recovery for mere loss of *companionship*. Nebraska Rev.Stat. § 30–810; Dow v. Legg, 120 Neb. 271, 231 N.W. 747, 74 A.L.R. 5 (1930); Ensor v. Compton, 110 Neb. 522, 194 N.W. 458 (1923).

However, defendants' assumption that loss of "services and consortium" is necessarily identical with loss of "companionship" and that it can have no pecuniary value is gratuitous. The complaint nowhere seeks recovery for loss of companionship; and it is evident that, under Nebraska law, plaintiffs may properly bring suit to recover for the loss of services which decedent had rendered in her role as wife and mother. Kroeger v. Safranek, 161 Neb. 182, 72 N.W.2d 831 (1955); Moses v. Mathews, 95 Neb. 672, 146 N.W. 920 (1914).

In Kroeger v. Safranek, supra, for example, the Nebraska Supreme Court explicitly held that a surviving spouse could recover, in a wrongful death action, for the loss of household services of the deceased spouse, even though the pecuniary value could not be determined with exactitude. The court observed that the right to such recovery had long been recognized in the Nebraska courts and that it fully conformed with the statute limiting recovery to pecuniary losses. Further, the Nebraska cases have consistently held that there may be recovery for the loss of a decedent's services in connection with the care, education and maintenance of children, as well as the household and other customary

duties of a wife and mother. Pricer v. Lincoln Gas & Electric Light Co., 111 Neb. 209, 196 N.W. 150 (1923); O'Grady v. Union Stock Yards Co., 90 Neb. 138, 132 N.W. 938 (1911); Chicago, R. I. & P. Ry. Co. v. Zernecke, 59 Neb. 689, 82 N.W. 26, 55 L.R.A. 610 (1900).

It is apparent, therefore, that while Nebraska law restricts recovery in this type of action to the pecuniary value lost to the family, this does not preclude a suit for loss of "services and consortium."

Accordingly, the motion is denied.

So ordered.