## Richmond.

POWELL'S ADM'X V. POWELL.

JANUARY 26th, 1888.

DEATH BY WRONGFUL ACT—*Damages—Distribution.*—The money received by administrator upon a compromise of an action for damages for the killing of his intestate, must, after paying the costs and attorney's fees, be distributed according to the statute of distribution. Code 1873, ch. 145, sec. 9.

Appeal from decree of circuit court of city of Alexandria, rendered September 30th, 1886, in the chancery cause of John Powell, complainant, against Jennie E. Powell, administratrix of Charles R. Powell, and in her own right. The decree being favorable to the complainant, the defendant obtained an appeal and *supersedeas.* Opinion states the case.

*G. A. Mushbach,* for the appellant.

*F. L. Smith,* for the appellee.

LEWIS, P., delivered the opinion of the court.

The facts out of which this controversy arises, are these: Charles R. Powell, a brakeman on the Virginia Midland railway, was killed in a collision on that road, on the 4th of November, 1884. He left a widow, who is the appellant here, and his father, the appellee, but no descendant surviving him.

The widow qualified as his administratrix, and soon afterwards brought an action against the company under the statute (Code 1873, ch. 145, sec. 7,) to recover damages for the killing of her intestate, laying the damages in the declaration at the sum of $10,000.

The eighth section of the same chapter, enacts as follows: "Every such action shall be brought by and in the name of the personal representative of such deceased person, and within twelve calendar months after his or her death. The jury in any such action may award such damages as to it may seem fair and just, and may direct in what proportion they shall be distributed to the wife, husband, parent, and child of the deceased." And by the ninth section of the same chapter, it is enacted that "the amount recovered in any such action shall, after the payment of costs and reasonable attorney's fees, be paid to the wife, husband, parent, and child, in such proportion as the jury may have directed, or if they have not directed, according to the statute of distributions, and shall be free from all debts and liabilities of the deceased; but if there be no wife, husband, parent, or child, the amount so received shall be assets in the hands of the personal representatives, to be disposed of according to law."

The action never came to trial, but was compromised by the company paying to the plaintiff the sum of five thousand dollars, for which she receipted as administratrix, whereupon the action was dismissed. Afterwards, the father of the decedent claimed to be entitled as distributee, to one-half of the sum thus paid, after payment of costs and attorneys' fees, which claim being denied by the administratrix, the present suit was instituted. The circuit court decreed in favor of the complainant, the father, whereupon this appeal was taken by the defendant, the administratrix.

On behalf of the appellant, it is contended that the bill ought to have been dismissed, because, in the language of the statute above quoted, no money was "recovered" of the com-

pany; that is to say, there was no formal judgment in the action at law against the company. And in support of this view we are told that the legal definition of the term recover is "to be successful in a suit; to obtain a final judgment in a suit." But manifestly the term was not used in the statute in this restricted and technical sense, but in the more comprehensive sense of receive. In other words, it embraces all moneys received by the plaintiff *on account of the action or claim.*

The right to maintain an action like the one in question is conferred by the statute alone, which not only directs by whom the action shall be brought, but how the fruits of the action shall be distributed. It directs that the action shall be brought by the personal representative of the deceased, and leaves it to the jury to determine in what proportion the damages awarded shall be distributed to the wife, husband, parent and child of the deceased. But the statute does not prohibit a compromise of such an action, and therefore, where a compromise is effected, as was done in the present case, the money paid is to be distributed according to the statute of distributions, just as where a verdict is rendered for the plaintiff, and the jury fail to direct how the damage awarded shall be distributed.

It is impossible to imagine any reason why the legislature should have otherwise intended, nor is any other construction consistent either with the spirit or letter of the act. Thus, to illustrate, suppose the personal representative be not a distributee of the estate, and that an action brought by him under the statute is compromised without a trial by jury, and without a judgment being rendered. Would he be entitled to pocket the money paid without accountability therefor? And yet, if the view of the appellant be correct, the money so received would not be distributable, because of the absence of *a judgment* for the plaintiff. This demonstrates, as clearly as anything can do, the fallacy of the appellant's position.

Our conclusion, therefore, is that the money paid to the appellant by the railroad company was received by her in her

representative capacity, and is consequently to be distributed as decreed by the circuit court; that is to say, there being no descendent of the deceased, it goes in equal proportions to the appellant and the appellee.    Code 1873, ch. 119, §§ 1, 10.

DECREE AFFIRMED.