# CHARLESTON.

## FISHER *v.* MYLIUS.

Submitted June 22, 1896—Decided Dec. 5, 1896.

FEES OF COUNSEL—CONTINGENT FEES.

> A client under a contract whereby he agrees to pay an attorney for the prosecution of an action a fee of fifty dollars and also a percentage of the damages which he may "recover" in the action, is not liable for such percentage of the judgment obtained, but only for a percentage of the damages received.

A. M. POUNDSTONE and JOHN BRANNON for plaintiff in error.

W. H. FISHER for defendant in error, cited 84 Va. 417; 18 W. Va. 507; 36 W. Va. 454.

DENT, JUDGE:

John E. Fisher, for the use of W. H. Fisher, brought an action of *assumpsit* in the Circuit Court of Upshur county on the following written contract: "Whereas, John S. Fisher has been heretofore employed by me to prosecute a suit against James L. Smith and Floyd G. Smith for assault and battery, and said suit is now pending in the Circuit Court of Upshur county, I agree and bind myself to pay to said Fisher for his services rendered and to be rendered in said suit a certain fee of fifty dollars, now due, and to pay said Fisher in addition fifteen *per cent.* of the damages which I may recover in said action. Witness my hand this 10th day of November, 1886. Chas. E. Mylius." The is-

sue was made up and the case was submitted to the jury with the following instruction from the court, excepted to by the defendant: "(1) If the jury believe from the evidence that in the action at law formerly pending in this court, wherein C. E. Mylius was plaintiff and Floyd G. Smith and James L. Smith were defendants, mentioned in the evidence; the said Mylius recovered judgment on the 15th day of October, 1887, for $2,200, then, under the contract dated 10th November, 1886, signed by Chas. E. Mylius, the jury should find in favor of the plaintiff as to that item to the extent of fifteen *per cent.* of said $2,200, with interest thereon from the said 15th day of October, 1887." The jury returned a verdict for the plaintiff. The defendant moved the court to set aside. The court overruled the motion, and entered judgment. On writ of error obtained by the defendant the question now presented to the court is as to the meaning of the words, "And to pay said Fisher in addition fifteen *per cent.* of the damages which I may recover in said action."

In the case of *Powell's Adm'x* v. *Powell*, 84 Va. 415 (4 S. E. 744) the word "recover," used in a statute, was held to mean "receive;" that is, the actual receipt of money, and not the mere entering of a judgment therefor, even though the money be paid without judgment. And in the case of *Strohecker* v. *Bank*, 6 Pa. St. 41, it was held that "one of the technical definitions of the word 'recovery' is the actual possession of anything, or its value, by judgment of a legal tribunal;" the syllabus being: "A guaranty in an assignment on the back of a bond in these words, 'And in case the same can not be recovered of the within named W. S., then I promise and agree to pay the amount thereof, together with all charges thereupon accruing, into the Farmers' Bank of Reading, or their assigns,' is a covenant that the obligor is able to pay, and that the bank, by using due diligence, shall receive the money." In the present case the attorney was to receive a fixed fee of fifty dollars, and in addition thereto was to have a contingent fee of fifteen *per cent.* of the damages recovered. The meaning of this language is plain and unambiguous, and that is that the defendant, out of the moneys received by him by reason of

his suit, was to pay the plaintiff fifteen *per cent.* thereof. Until he receives the damages, he can not pay the plaintiff fifteen *per cent.* thereof. He could pay plaintiff out of other funds a sum equal in amount to fifteen *per cent.* of the judgment obtained, but this would not be, except in amount, fifteen *per cent.* of the damages recovered. It is admitted that defendant never received any damages. A judgment was obtained, but it went no further. He is out his eighty five *per cent.* of his damages, and plaintiff out fifteen *per cent.* thereof; not through failure to obtain a judgment, but from the fact that there is no complete recovery thereof according to the true technical meaning of the word as used in the written contract sued upon. If defendant had compromised his damages without a judgment therefor, plaintiff would have now been maintaining that the word "recovery" meant the receipt of defendant's damages with or without judgment, which would be in perfect accord with its true meaning as used in the contract under consideration. Defendant was willing to employ plaintiff for a specific fee of fifty dollars, with an additional contingent fee of fifteen *per centum,* to be paid out of the damages received; whereas he might not have been willing to employ him had it been made plain to him that he would not only have to pay fifty dollars, but, in addition thereto, a sum equal to fifteen *per cent.* of any judgment that might be obtained, although he might not ever receive one cent of damages. Such a contract would be one sided, with the contingencies very unfavorable for the defendant. It is true that plaintiff did not guaranty the solvency of the defendants in defendant's action for damages, but he did agree to take his fifteen *per cent.* additional and contingent fee out of the damages recovered in the action, and he should abide by his contract, instead of attempting to evade the same by a narrow professional construction of the word "recovery," entirely different from the usual and customary meaning thereof as accepted by the general public. The language used being unambiguous, the circuit court did not err in refusing to admit parol evidence explanatory thereof; but it did err in giving the instruction asked by plaintiff.

The judgment will therefore be reversed, the verdict of the jury set aside, and a new trial awarded the defendant in accordance with this opinion, and the rules of law in such cases.