## E. M. Peavler, Appellee, v. City of Mt. Vernon, Appellant.

1. STATUTORY LAW—*rule of construction.* In interpreting the meaning of ordinances and statutes, particularly of statutes and ordinances substituted for old ones, "the old law, the new law, the mischief and the remedy must be considered."

2. STATUTORY LAW—*rule of construction.* In the interpretation of statutes and ordinances courts must be guided and governed by the legislative intent as expressed in the statute or ordinance and not by what they intended to but did not express thereby. Courts cannot modify them but must enforce them as they find them.

3. STATUTORY LAW—*when conduct of parties not considered in construction of ordinance.* If an ordinance is plain and no room for construction exists the conduct of the parties under such ordinance will not be considered in determining its meaning. The intention of the enacting body will govern.

4. FEES AND SALARIES—*construction of ordinance pertaining to compensation of city attorney.* The ordinance in question in this cause was as follows:

"The city attorney shall be entitled to charge the city and receive as his fee, in each case, for the violation of city ordinances, an amount equal to one-half of the *judgment recovered* by said city for fine, penalty or forfeiture, and a salary of $300 per annum."

*Held,* that such ordinance was plain in its meaning and that the city attorney was entitled to his compensation as fixed by such ordinance upon judgments recovered irrespective of whether the same had been collected.

Assumpsit. Appeal from the Circuit Court of Jefferson county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

A. D. WEBB, CURTIS WILLIAMS and G. GALE GILBERT, for appellant.

KIRBY SMITH, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Appellee, a duly licensed attorney of Illinois, was elected, and qualified, and served, as city attorney of appellant for the time beginning April 20, 1905, to April 20, 1909; and for said four years he was paid

$1,200 as salary and the further sum of $1,584.65, the same being one-half the judgments recovered and collected for said city through his services as said city attorney. Judgments were also obtained by him in favor of appellant for fines and penalties amounting to $900, $800 of which was never paid the city in any manner, $93.40 thereof was worked out on the streets by prisoners, and $6.60 thereof was collected by the police magistrate since appellee went out of office. Appellee claimed the city owed him a sum of money equal to one-half the amount of said latter judgments, $450, as balance of his fees or salary as said city attorney; and recovered a judgment of $450 in his suit therefor against the appellant, the trial being before the court without a jury. The city appealed.

The city concedes that no part of said $450 has ever been paid to appellee, and denies that appellee is entitled to any part thereof as such salary or fees except as to the amount of said judgments that were collected. The ordinance fixing appellee's salary as city attorney and admitted by the appellant as being in full force during the term of appellee as such officer, provides as follows: "The city attorney shall be entitled to charge the city and receive as his fee, in each case, for the violation of city ordinances, an amount equal to one-half of the judgments recovered by said city for fine, penalty or forfeiture, and a salary of three hundred dollars per annum."

The principal contest in this case is over the meaning of the words, "judgments recovered," as used in said ordinance. The contention of the appellant is that the word, "recovered," in said ordinance means, "collected," and that the city attorney is only entitled to one-half of such judgments as have been collected. The legal definition of the word, "recover," as given by Anderson in his law dictionary is, "To obtain by judicial action or proceeding," "to obtain by cause of law." He defines the word, "recovery," as, "obtain-

ing by legal process or proceeding; restoration of a right by judicial award,'' which is the same definition practically as given by Bouvier in his law dictionary. Anderson says that the word, ''recover,'' when referring to note, means, ''to collect or obtain the amount, possibly by a suit at law.'' Webster in his International Dictionary gives the law definition of the word recover thus: ''to obtain a judgment; to succeed in a law suit; as, the plaintiff has recovered in his suit.'' There is quite a difference in the meaning conveyed and understood in common parlance by the following phrases: ''judgment recovered,'' ''money recovered,'' ''note recovered,'' ''debt recovered;'' and, yet, in all these phrases if the word ''obtained'' be substituted for the word recovered the meaning of each phrase will remain practically unchanged. When we recover or obtain our money or our debt, we have the thing itself or the value therefor, as commonly understood; but when we simply recover or obtain judgment on our claim or demand, we have only established our right and authority for obtaining or recovering our money or debt or claim, whatever it may be. There are instances when the words, ''recovering judgment,'' might be interpreted to be the equivalent of ''collecting judgment,'' but in such cases it is other words in the contract, or law or ordinance interpreted, that shows or explains the words to be there used in such special sense. The following cases are good expositions of how such words may be varied in meaning by the general context of the instrument interpreted; and, yet, an authority really for the view herein expressed as to the ordinary legal meaning of the words, ''judgment recovered.'' Fisher v. Mylius, 42 W. Va. 638; Powell's Admx. v. Powell, 84 Va. 416; Strohecker v. The Farmer's Bank, 6 Pa. St. 41; Norton v. Winter, 1 Oregon 47; Oxford v. Paris, 33 Me. 179; Leslie v. York, 112 Ky. 712; Keiny v. Ingraham, 66 Barb. (N. Y.) 250; Words and Phrases, 7 Vol. 6019.

The words in the above ordinance, "an amount equal to one-half of the judgment recovered by said city for fine, penalty or forfeiture," have a plain, palpable meaning, that is to say the intention of the ordinance is that the city attorney shall be paid a sum of money in every such case equal to one-half of the judgment rendered by the court, whether collected or not collected. There is nothing in the context of this ordinance that makes such construction even doubtful to our minds, particularly when we read the former city ordinance on the same subject which was repealed and succeeded by the above ordinance, to wit: "The city attorney shall receive a salary of three hundred dollars per annum, and one-half of the fines collected in money, in prosecutions for violations of city ordinances." In interpreting the meaning of ordinances and statutes, particularly of statutes and ordinances substituted for old ones, "the old law, the new law, the mischief and the remedy must be considered." If our interpretation is not right in this case, and if appellant's is right, the passing of the latter ordinance was but mere pastime without intent to substantially change the salary of the city attorney. Wright v. People, 101 Ill. 126.

It is also insisted by appellant that in case of doubt in the construction of a statute or ordinance that the doubt should be solved in favor of the public and against the appellee; and that in such case the interpretation that the parties themselves have placed upon the statute or ordinance in their dealings with one another, if reasonable, should be considered by the court in determining its meaning. If we should concede that this contention is correct, the answer to this argument is that in our judgment there is no room for doubt as to the meaning of this ordinance, and that the interpretation thereof by the appellant is altogether unreasonable and cannot be sustained. The only ground for contending that the parties made any

614     APPELLATE COURTS OF ILLINOIS.

interpretation contrary to appellee's position now is, that he never made or filed any claim to this salary or fee until after his term expired. As a matter of fact he never filed any claim for any of his salary collected by him. But we cannot concede in any event, that the actions of the parties shall be a guide to the correct interpretation of this ordinance. The salary of an officer is an incident of the office and is not fixed by contract; but is fixed by law, and in this particular instance by the city's own ordinance. The city must pay it according to the provisions of the ordinance, and if the ordinance does not express the intention of the city as to the amount of salary and fees to be paid the city attorney, the only remedy now is to abide by the ordinance and comply with it until it can be remedied by a new ordinance. In the interpretation of statutes and ordinances courts must be guided and governed by the legislative intent as expressed in the statute or ordinance, and not by what they intended to, and did not, express thereby. Courts cannot modify them, but must enforce them as they find them.

There was no error in refusing appellant's propositions of law.

The judgment of the lower court is right and is therefore affirmed.

*Affirmed.*