No. 9949.

ROPER v. THE ALAMOSA NATIONAL BANK.

Decided January 9, 1922.

Action for attorney fees. Judgment for defendant.

*Affirmed.*

1.  ATTORNEY AND CLIENT—*Fees.* An attorney and his client entered into a contract for contingent fees for legal services. On completion of the services, the attorney asked for additional compensation on the ground that new matter in the way of counterclaims had necessitated extra work on his part not contemplated by the original agreement. Facts reviewed and held, that the attorney was not entitled to additional compensation.

2.  *Contingent Fee—Contract.* An attorney's contract for a contingent fee contemplates a defense and all things which might be reasonably expected as an incident thereto.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. R. C. ROPER, *pro se*, Mr. H. M. HOWARD, for plaintiff in error.

Mr. J. D. PILCHER, Mr. CHARLES H. WOODARD, for defendant in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties plaintiff and defendant in the court below occupy the same position here, and are so referred to. Plaintiff, an attorney at law of David City, Nebraska, brought this action to recover of defendant $1,000, attorney's fee for extra services, said not to have been included in the original contract for fees but covered by a later agreement. The case was tried to the court without a jury and to review the judgment entered against him plaintiff brings error.

Defendant employed plaintiff to make certain collections against one Spelts and the Rio Grande Home Company. The contract for fees was contingent upon collection and was for forty per cent of the amount recovered. The correspondence began July 31, 1915. Plaintiff's final proposition was made under date of August 25, 1915, and accepted by the bank in a letter of August 31, 1915, in which it enclosed the notes. In October, following, suit on these notes was begun by plaintiff in Butler County, Nebraska, and shortly thereafter plaintiff learned that certain uncontemplated complications (the basis of his present claim) were likely to arise, and so advised defendant. February 8, 1917, plaintiff had received copies of amended answers in these cases demanding an accounting and making large counterclaims. On that date he transmitted said copies to the defendant. Between that date and the 7th of November much correspondence was exchanged. Plaintiff wrote the bank, or its officers, no less than fifteen letters;

received from the bank a statement of its contention concerning the new matter; advised it of the terms of court, when juries were called and when discharged; discussed the advisability of trial without a jury; advised it of the setting of the causes for trial, the vacation of the trial orders, the illness of counsel for defendant and a continuance thereby necessitated, the entering into stipulation for a joint trial of the causes without a jury, and finally, on November 6, that the cases had been definitely set for trial November 15, and would be tried on that date "without fail." Under date of November 7, he first explained to his client that on account of matters set up in the amended answers, the counter-claims, and the extra work necessitated thereby, "the agreement between you and me with regard to compensation for my services ought to be somewhat modified." He does not say in this communication what additional compensation he will demand but adds: "the services which I shall render from now on (including those already rendered since the filing of the amended answers) shall be in pursuance of this modified agreement with respect to my fee."

There is no evidence that this letter was received by the bank, though its receipt is not expressly denied. The bank never accepted any modification of the fee contract unless by implication. Their representatives were present at the trial but it does not appear that the matter was further discussed. The defendants in the Nebraska suit were represented at the trial by counsel, but put in no evidence and made no attempt to substantiate their counter-claims, and plaintiff in that case procured judgment. The sole question here involved is the right of the plaintiff in the instant suit to additional compensation by reason of the foregoing facts.

Whether, when plaintiff learned of the element of accounting and counter-claim in the Nebraska suits, he was entitled to insist upon a new contract for additional compensation need not be considered. He did not do so. If such was his intention, it was clearly his duty to act within

a reasonable time after becoming cognizant of the uncontemplated elements and the necessity for additional labor. He did not do so. Above all, he could not remain silent, continue the work, prosecute the negotiations, wait until a few days prior to a trial which must take place, as he says, "without fail," and then demand additional compensation under threat of withdrawal. To permit this would violate every rule of equity and fair dealing between attorney and client.

That an attorney's contract for a contingent fee in making a collection contemplates a defense, and all things which might be reasonably expected as incident thereto, including an invalid counter-claim, is held in the well considered case of *Payne v. Davis County,* 150 Iowa, 597, 129 N. W. 823.

Finding nothing in the record to support plaintiff's claim of a contract for additional compensation, save his notice a few days prior to trial that a demand for such would be made and that all further services performed would be upon that basis, the judgment is affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.