22996. UNDERWOOD *v.* RICH *et al.*

DECIDED FEBRUARY 17, 1934.

*W. V. Custer & Son*, for plaintiff in error.

*W. I. Geer*, contra.

STEPHENS, J. P. D. Rich and N. L. Stapleton brought suit against W. C. Underwood to recover $1,079.66 with interest, alleged to be a balance due after a payment by the defendant to the plaintiffs of $495.87 as attorneys' fees for representing Underwood under a written contract of employment. The contract, so far as material to the issues presented, is as follows: "The said Underwood hereby employs the said Stapleton and Rich, as his attorneys at law, to represent him in a certain case pending in Miller Superior Court, being the case of Bainbridge Stave Company against W. C. Underwood, and also a certain claim the said Underwood holds against the estate of C. S. Hodges, deceased, and agrees to pay the said Stapleton and Rich, as a retainer fee, the sum of $500.00 to be paid one half on November 15th, 1929 and one half on December 15th, 1929, and in addition thereto agrees to allow the said Stapleton and Rich twenty-five per cent. of such sum or sums as may be recovered for him, and in the event of a recovery, this sum of $500.00 is to be deducted from the contingent fee, provided the contingent fee amounts to more than $500.00. It is further understood and agreed that should the Hodges estate file a separate suit against said W. C. Underwood for any set-off or counter-claim which said estate may have against him, said Stapleton and Rich are to look after the handling of such suit for said W. C. Underwood, as a part of this employment, and should the estate of C. S. Hodges, Sr., recover in such suit, the amount of such recovery is to be deducted from the amount recovered by W. C. Underwood against said estate in computing the contingent fee herein agreed upon."

The plaintiffs alleged, that, pursuant to the contract of employment, they instituted suit in Decatur superior court against C. S. Hodges Jr., as administrator of the estate of C. S. Hodges, for the recovery of $34,210.32; that afterwards this suit, with the knowledge and consent of their client, the defendant Underwood, was settled under an agreement by which Underwood recovered from the estate of Hodges the sum of $6,302.13, that the plaintiffs' fee of twenty-five per cent. of this recovery amounted to $1,575.53, that deducting from this amount the sum of $495.87 which the defendant

had paid to the plaintiffs as a retainer leaves a balance due of $1,079.66, the amount sued for.

The petition was demurred to on the ground that it did not appear that the plaintiffs had recovered any money out of which they were entitled to a contingent fee as provided in the contract. The petition alleged that the litigation referred to, out of which the contingent fee was to be paid, had been settled by an agreement between the parties, and that, as a result of this settlement, the defendant, Underwood, the plaintiff in that litigation, "recovered from the estate" of Hodges the sum alleged.

A recovery for the purpose of paying a contingent fee to attorneys, where the contract does not expressly provide that a judgment must be obtained, may be had by a settlement or compromise. The petition therefore set out a cause of action, and was good against the demurrer.

The defendant admitted the execution of the contract, but denied that there had been any recovery out of which plaintiffs were entitled to a contingent fee as provided in the contract. The evidence, so far as is material, was undisputed. It appears from the evidence that, pursuant to the contract, the defendant, Underwood, instituted suit, through the plaintiffs as his attorneys, against C. S. Hodges Jr., as administrator of the estate of C. S. Hodges, to recover of the estate the sum of $34,210.32; that the defendant in that suit denied liability and pleaded as a set-off two promissory notes from Underwood to C. S. Hodges aggregating $10,000; that by an agreement of settlement negotiated through the plaintiffs as Underwood's attorneys, and with the approval of Underwood, the matters in litigation in the suit against the Hodges estate, and some other matters between Underwood and the Hodges estate, and C. S. Hodges Jr., and the claim represented in the suit of the Bainbridge Stave Company against Underwood, were settled by charging against Underwood $10,000 represented by the two promissory notes, which amount was pleaded as set-off by the administrator of the Hodges estate against Underwood in the suit against the Hodges estate, and $2,368.72, representing the amount of a claim against Underwood in the suit against him by the Bainbridge Stave Company, and crediting Underwood with $1,272 owing to him by C. S. Hodges Jr., and the amount of a note in the sum of $2,000 by C. S. Hodges to Underwood, and by Underwood's executing two series

of notes, one to the Bainbridge Stave Company aggregating $1,096.72, and one to the Hodges estate aggregating $1,903.17, thus leaving a balance in Underwood's favor of $6,096.83, which was credited to Underwood. The plaintiffs, who were the attorneys for Underwood in the negotiation of that settlement, claim that as a result of this settlement $6,096.83 represents the amount "recovered," and that out of this they are entitled to 25% as a contingent fee as provided in the contract, less $495.87 which was paid to them as a retainer.

The $6,096.83 which the plaintiffs contend was "recovered" was only a credit given to Underwood in balacing mutual claims in accordance with the terms of the settlement. The settlement brought no money to Underwood. It only cancelled mutual accounts and left Underwood with an indebtedness to the Bainbridge Stave Company and to the Hodges estate of $2,999.89 for which he executed notes. The plaintiffs claim that the $6,096.83 credited to Underwood by the terms of the settlement represents an amount agreed upon as due Underwood by the Hodges estate on the claim of Underwood against the Hodges estate in the suit for $34,210.32 which was filed against the Hodges estate. Since, as a result of the settlement, the Hodges estate was credited with the $10,000 represented in the set-off in that suit, the settlement, in so far as it applies to that suit, leaves Underwood indebted to the Hodges estate in the difference between the amount credited to him, which was $6,096.83, and the amount of the set-off credited the Hodges estate which was $10,000. Under an application of the terms of the settlement, treating the $6,096.83 as an amount due by the Hodges estate to Underwood against the estate, without reference to the set-off, had this case gone to judgment there would have been a judgment in favor of the defendant, the administrator of the Hodges estate, against the plaintiff, Underwood. Therefore Underwood recovered nothing as a result of the settlement. It is only out of a recovery in the suit against the Hodges estate that the plaintiffs are entitled to a fee over and above the $500 retainer.

While, as has been held by numerous authorities, there may be a recovery without an actual receipt or collection of money, as where the plaintiff obtains a judgment, although no money is collected thereon, it has also been held that where persons are entitled to anything out of any money or fund recovered, such as informers,

government officials and attorneys at law and others who are entitled by law or contract to a percentage as a fee or compensation for services, out of a portion of any amount or property recovered, they are not entitled to anything until the money or fund is actually obtained and collected. 24 Am. & Eng. Enc. L. (2d ed.), 211, 213 and cit.; 53 C. J. 657, 659, and cit.; Lapham v. Almy, 95 Mass. 301; Treasurers of the State v. Bates, 2 Bailey's Law (S. C.) 362, 375; Thompson v. Bradbury, 5 Idaho, 760 (51 Pac. 758); Fisher v. Mylius, 42 W. Va. 638 (26 S. E. 309); Deering v. Schreyer, 171 N. Y. 451 (64 N. E. 179); Leslie v. York, 112 Ky. 712 (66 S. E. 751); Wooldridge v. Bradbury, 185 Ky. 587 (215 S. W. 406); Mc-Lane v. United States, 6 Peters (U. S.), 404 (8 L. ed. 443).

The contract sued on expressly provides that Underwood allows the plaintiffs as a fee or compensation for representing him as attorneys in a certain litigation, including the claim of Underwood against the estate of C. S. Hodges, 25 per cent. of "such sum or sums as may be recovered for him." This contract can not mean anything else than that the attorneys' compensation is to be paid out of funds or money actually received and collected as a result of the suit of Underwood against the Hodges estate. It certainly does not provide, or even contemplate, that the attorneys therein named can go against Underwood for the fee other than the $18,500 retainer, therein provided for in the event the money.is not collected. Underwood guaranteed no fee, except to the extent of $18,500, and is therefore not responsible to the attorneys for any fee except a balance due, if any, on the $18,500.

Where an attorney has a contract for a contingent fee out of money "recovered" by him in a litigation, he is entitled to no more than his percentage out of the net amount found owing by the defendant to the plaintiff in that litigation, whether as a result of a suit or a compromise, and is not entitled to a percentage out of that portion of the amount recoverable which is necessary to satisfy any claim by way of set-off allowed to the defendant in that litigation. As the set-off allowed, namely $10,000, is larger than the amount of $6,096.83 credited and allowed in the settlement to Underwood in that litigation by him against the Hodges estate as being due by the Hodges estate to Underwood, Underwood has "recovered" nothing, and his attorneys have recovered nothing out of which they are entitled to a fee. In Wooldridge v. Bradbury, supra, it

was held that "The fee to which attorneys, under a contract for an agreed per cent. of the amount recovered, are entitled, is to be estimated upon the amount which their client is entitled to receive and appropriate under the judgment, and not upon the amount which may be found by the court to be due the client from the adverse party and which is subject to reduction by a valid set-off." An attorney having a contract for a contingent fee in a certain percentage of the sum recovered can obtain his percentage only out of the net recovery coming to his client out of the particular litigation. Deering *v.* Schreyer, supra; Wendel *v.* Binninger, 132 App. Div. 785 (117 N. Y. Supp. 616).

It is provided in the contract that should the Hodges estate file a separate suit against Underwood for any "set-off or counter-claim which the said estate may have against him," the amount recovered in such suit "is to be deducted from the amount recovered by W. C. Underwood against said estate in computing the contingent fee." While this provision states that it applies if a *separate* suit is filed by the estate against Underwood, it clearly indicates that it was in the minds of the contracting parties that it would be inequitable not to reduce the amount of recovery out of which the contingent fee was to be paid by any indebtedness which Underwood might owe the Hodges estate by way of set-off or counter-claim in the suit which Underwood instituted against the Hodges estate.

The plaintiff recovered nothing, and there is no personal liability by Underwood to pay their fee which was contingent on a recovery. The verdict found for the plaintiffs was without evidence to support it and contrary to law.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*