RICHARD J. MACKEY et al., Appellants and Respondents, v. PASSAIC STONE Co., Inc., et al., Respondents and Appellants.—

Johnston, Taylor and Lewis, JJ., concur; Close, P. J., dissents and votes to reverse the judgment, to direct judgment for appellants-respondents

on the first cause of action, to dismiss defendants' counterclaim, and to direct a new trial of the second cause of action, with costs to appellants-respondents to abide the event, with the following memorandum: The first cause of action is based on a written retainer, pursuant to which defendants retained plaintiffs to represent them in an action to be brought against certain parties for loss of profits in connection with the corporate defendant's contract with the city of New York to supply certain stone. The salient portion of the retainer reads: "I agree to pay you for representing me thirty-five per cent (35%) of any moneys recovered whether as a result of settlement or after trial; and I further agree to pay the necessary disbursements of the action. It is understood that if no recovery is obtained in any way, no fee will be required of me." When the action was begun in the United States District Court for the District of New Jersey, the defendants in that action set up a counterclaim for certain stone furnished to plaintiffs therein. At the close of the proof the trial court directed a verdict in favor of one defendant on his counterclaim and submitted to the jury plaintiffs' claim for loss of profits. After the judgment on the counterclaim had been entered, the jury rendered a verdict in favor of plaintiffs on their complaint for loss of profits in the sum of $5,114.47. The question posed in the present action is whether these attorneys are entitled to thirty-five percent of the amount of that judgment or thirty-five per cent of the amount left after deducting the amount of the judgment entered on the counterclaim. The trial court held that plaintiffs' retainer applied only to the difference, and dismissed plaintiffs' complaint insofar as they sought to recover their agreed percentage on the amount of the judgment entered in the New Jersey action for loss of profits. It is conceded that both judgments have been satisfied. In my opinion, the language used in the retainer is clear and unambiguous and should not be construed so as to limit the amount of plaintiffs' recovery to thirty-five per cent of the money actually received, rather than to thirty-five per cent of the amount recovered where, as here, the client has received the monetary benefit of the entire recovery. (*Matter of Disborough* v. *Herdman*, 52 N. Y. 660; *Saulsbury* v. *American Vulcanized Fibre Co.*, 28 Del. 182.) As to the second cause of action, I believe the judgment is excessive in view of the amount involved and the time spent. Hagarty, J., dissents and votes to reverse the judgment, to grant judgment for plaintiffs on the first and second causes of action, as prayed for in the complaint, and to dismiss the defendants' counterclaim, with costs, with the following memorandum: In my opinion there is no ambiguity in the retainer; and the allowance in the second cause of action is not excessive.