MAIULLO *v.* GENEMATAS

1. ATTORNEY AND CLIENT—CONTRACT—COMPENSATION—CONTINGENT FEE—AMOUNT OF RECOVERY.

Contingent fee agreement between attorney and client that would compensate the attorney 1/2 of any amount that the court found defendant owed plaintiff or 1/2 of any amount agreed to in settlement *held,* to have been meant by the parties to apply only to actual recoveries, and therefore plaintiff's counsel is not entitled to 1/2 of claims of defendant against plaintiff which were relinquished as part of a settlement.

2. ATTORNEY AND CLIENT—CONTRACT—COMPENSATION—CONTINGENT FEE—NATURE OF RECOVERY.

Contingent fee agreement between attorney and client that would compensate the attorney 1/2 of amounts recovered on client's behalf includes recovery of anything of value affirmatively and actually recovered, and this can include relinquishment of capital stock held by another party in the client's corporation.

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 December 3, 1968, at Detroit. (Docket No. 4,061.) Decided February 27, 1969.

Declaration by Anthony Maiullo and Joseph A. Maiullo against William N. Genematas, surviving director of State-Parkview Creamery Company, a dissolved corporation, to recover for legal services rendered. Judgment for plaintiffs on part of their claim. Defendant appeals and plaintiffs cross-appeal. Reversed and remanded.

---

REFERENCE FOR POINTS IN HEADNOTE

[1, 2] 7 Am Jur 2d, Attorneys at Law §§ 214–218,

*Maiullo & Maiullo, in propria persona.*

*Brashear, Brashear, Mies & Duggan,* for defendant.

BEFORE: Levin, P. J., and Holbrook and Rood,* JJ.

Per Curiam. Defendant appeals a judgment in plaintiffs' favor following a trial without a jury. The plaintiffs, attorneys at law, sued the defendant under one count for breach of a contingent fee agreement and under a separate count for $1,500 allegedly unpaid on a prior bill rendered in 1954. The contingent fee agreement was alleged to have been entered into orally with the defendant William Genematas, surviving director of State-Parkview Creamery Company, of which corporation's capital stock defendant's father Nicholas Genematas owned 89.523% and the estate of his deceased uncle George Genematas owned 10.477%.

The corporation, the defendant, and his father, Nicholas Genematas, asserted that the estate of George Genematas owed the corporation in excess of $30,000 and suit was brought to recover that amount. A letter dated January 31, 1956, stated that the understanding concerning plaintiffs' compensation in connection with the suit against the George Genematas estate was that the plaintiffs would receive for their services "1/2 of any amount that the court finds the estate of George W. Genematas owes to State-Parkview Creamery Company, or 1/2 of any amount which we agree in settlement." No dollar amount was in fact recovered and the lawsuit was dismissed.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

The trial judge found that the lawsuit against the estate of George W. Genematas was dismissed pursuant to a settlement under the terms of which the estate relinquished a claim which it had against the corporation for $8,541.52 and its 10.477% capital stock interest in the corporation. The trial judge found that the plaintiffs were entitled to recover 1/2 of the value of the claim so relinquished, *i.e.,* $4,270.76 plus interest of $1,079.80, or a total of $5,350.56, but nothing in respect to the capital stock interest so relinquished. The trial judge also found that the plaintiffs were entitled to recover the $1,500 amount claimed in respect to the separate 1954 billing plus interest of $377.50, or a total of $1,877.50. The defendant appealed and the plaintiffs cross-appealed.

We are persuaded upon our examination of the letter of January 31, 1956, to Nicholas W. Genematas and of the record as a whole that it was not intended that the plaintiffs would be compensated except as to actual recoveries and, thus, the plaintiffs are not entitled to recover 1/2 of any counterclaims which the estate of George W. Genematas may have relinquished or released in connection with dismissal of the lawsuit.

The letter of January 31, 1956, and the record as a whole substantiates defendant's claim that the plaintiffs were aware of the fact that the estate of George W. Genematas had claims against the corporation before the lawsuit was instituted. That being the fact, if the plaintiffs expected to be compensated for achieving the relinquishment of such ¬otential counterclaims, such purpose should have been spelled out with particularity. *Mackey* v. *Passaic Stone Co.* (1943), 266 App Div 690 (40 NYS 2d 613), affirmed without opinion (1944), 292 NY 525 (54 NE2d 208); the opinion of the appellate division affirmed an opinion of the trial court re-

ported at 36 NYS2d 232.   *Cf.  Payne* v.  *Davis
County* (1911), 150 Iowa 597 (129 NW 823) ; *Roper*
v. *Alamosa National Bank* (1922), 70 Colo 580 (203
P 663) ; *Richland* v. *Bramnick* (NY Sup, 1948), 81
NYS2d 735.[1]

Although this contingent fee contract speaks of
"any *amount*" recovered, we think those words fairly
include anything of value affirmatively and actually
recovered and that this can include the relinquish-
ment of a capital stock interest.[2]

We have examined the competing testimony as to
whether the $1,500 alleged balance on the 1954 bill
remained unpaid and conclude that the trial judge's
finding that the defendant was still obligated to pay
it was not clearly erroneous.[3]

This cause is remanded to the trial court for a
determination of the value of the 10.477% capital
stock interest of the estate of George W. Genematas
relinquished as part of the settlement and for the
entry of judgment in plaintiff's favor for 1/2 of that
amount plus the $1,500 amount plus interest.   No
costs, neither party having prevailed in full.

---

[1] See, also, *Wooldridge* v. *Bradbury* (1919), 185 Ky 587 (215 SW
406) ; *Underwood* v. *Rich* (1934), 48 Ga App 550 (173 SE 224),
holding that an attorney's contingent fee required by the attorney-
client contract to be computed on the amount "recovered" is to be
computed on the net recovery only, *i.e.*, after reduction by reason
of counterclaims awarded against the client, in the absence of spe-
cific provision to the contrary in the attorney-client contract.

[2] It is, of course, arguable that a corporation does not realize
income upon the receipt of its own stock and that the benefit of
such receipt inures, rather, to its stockholders.   However, a cor-
poration can realize income or suffer loss upon the receipt of its
own stock in exchange for, *e.g.*, cancellation of indebtedness, sale
of property, etc.   See Internal Revenue Service Regulation § 1.311–1
(e).   See, also, *Allyne-Zerk Co.* v. *Commissioner of Internal Revenue*
(CA 6, 1936), 83 F2d 525.

[3] There was testimony in behalf of the plaintiffs that in 1961 the
defendant acknowledged that there was still a $1,500 indebtedness
owing on the 1954 bill.