■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW J. BRITT, Appellant.—Weiss, J. Appeal, by permission, from an order of the County Court of Albany County (Traficanti, Jr., J.), entered August 25, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of offering a false instrument for filing in the first degree, without a hearing.

Defendant was the owner of a firm named Word Processing Transcribers, Inc. (hereinafter Word Processing), which performed transcription services for the State Department of Social Services (hereinafter DSS), Office of Disability Determination (hereinafter ODD). In October 1984, defendant was indicted for submitting vouchers and other documents to DSS in which the number of lines of typewriting alleged to have been transcribed for DSS by Word Processing was falsified. On March 29, 1985, on the eve of trial, defendant pleaded guilty to offering a false instrument for filing in the first degree in full satisfaction of the multicount indictment. Pursuant to the terms of the negotiated plea, he was sentenced to five years' probation, required to make restitution and directed to per-

form 1,000 hours of community service. These terms have all been completed.[1]

Some two years later, in a meeting with Robert Mahoney, former Director of Planning of ODD, who had acted as liaison between ODD and Word Processing, Mahoney allegedly told defendant that he had read "depositions" of two Word Processing employees who testified before the Grand Jury concerning defendant's activities. Defendant avers that in a subsequent telephone conversation, Mahoney stated that he had received the witnesses' "depositions" from the District Attorney. After reading these depositions, Mahoney ostensibly indicated that he felt defendant was attempting to implicate him. The inference raised is that Mahoney perjured himself before the Grand Jury, a course precipitated by the prosecuting attorney's improper disclosure of the Grand Jury minutes of two preceding witnesses (see, CPL 190.25 [4] [a]; Penal Law § 215.70).

On the premise that these deficiencies rendered the indictment fatally defective (see, CPL 210.35 [5]; see also, People Di Falco, 44 NY2d 482), defendant moved to vacate his conviction pursuant to CPL 440.10. County Court denied the motion to vacate without a hearing, characterizing defendant's alleged conversation with Mahoney, as well as the proferred unsworn transcript, as hearsay. The court emphasized Mahoney's responding affidavit in which he denied having seen the Grand Jury testimony of any other witnesses and the Assistant District Attorney's affidavit denying the disclosure of any Grand Jury material.[2] The court further held that the affidavit of one of the Word Processing employees and that of her attorney were not definitive on the issue of whether these witnesses made any statements other than before the Grand Jury. Finally, County Court found defendant's allegations of prosecutorial misconduct conclusory and inadequate and noted that the current protestation of innocence was inconsistent with defendant's plea allocution, where he acknowledged submitting vouchers that did not represent actual work performed. This appeal ensued.

We affirm. Defendant's allegations of prosecutorial misconduct and perjury on the part of Mahoney were essentially

1. An early probation discharge order was issued on February 23, 1988.

2. The People cross-moved for the imposition of monetary sanctions against defendant's attorneys, characterizing the CPL 440.10 motion as frivolous, baseless and made in bad faith. The People have not appealed the denial of their cross motion.

premised on his own self-serving allegations. The purported telephone conversation transcript was unsworn and, most telling, no tape recording has been produced. This showing simply did not raise a triable issue as to the validity of the judgment *(see, People v Session,* 34 NY2d 254, 255-256). Moreover, both Mahoney and the prosecuting attorney categorically denied the allegations made. Under these circumstances, County Court could properly deny the motion to vacate without conducting an evidentiary hearing *(see, People v Brown,* 56 NY2d 242, 246-247; *People v Ford,* 46 NY2d 1021; *compare, People v Qualls,* 70 NY2d 863).

Order affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.