IN RE ESTATE OF WILLIAM GRIFFIN.

MARGARET GRIFFIN, APPELLANT, V. JANE BAILEY ET AL., APPELLEES.

FILED JUNE 26, 1911. No. 17,093.

Death: DAMAGES: DISTRIBUTION. The money recovered or received by an administrator under sections 1, 2, ch. 21, Comp. St. 1909, must "be distributed to such widow or widower and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate."

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*William Baird & Sons,* for appellant.

*Greene & Greene, contra.*

SEDGWICK, J.

The defendant, W. T. Graham, was by the county court of Douglas county appointed administrator of the estate of William Griffin, deceased. The deceased was killed in an accident on the railroad, and under the direction of the county court the administrator settled with the company and received $3,750 in full payment for the damages caused by the death of his intestate. As administrator he filed his petition in the county court showing that the deceased left no children or descendant, but left a widow, the plaintiff, Margaret Griffin, and asked the court for an order directing the distribution of the money in his hands. The defendant, Jane Bailey, who is the mother of the deceased, appeared in the county court and asked for one-half of the money in the hands of the administrator as next of kin. The court ordered an equal division between the widow and the mother of the deceased, after payment of the expenses of administration. The widow appealed to the district court, and upon hearing in that court the order of the county court was sustained. From the judgment of the district court sustaining the order of the county court she has appealed to this court.

Sections 1, 2, ch. 21, Comp. St. 1909, are as follows: "That whenever the death of a person shall be caused by the wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof, then, and in every such case the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death

shall have been caused under such circumstances as
amount in law to felony.  That every such action shall
be brought by and in the names of the personal represent-
atives of such deceased person, and the amount recovered
in every such action shall be for the exclusive benefit of
the widow or widower and next of kin of such deceased
person, and shall be distributed to such widow or widower
and next of kin in the proportion provided by law in re-
lation to the distribution of personal property left by
persons dying intestate, and in every such action the jury
may give such damages as they shall deem a fair and just
compensation with reference to the pecuniary injuries,
resulting from such death, to the widow or widower. and
next of kin of such deceased person; provided, that every
such action shall be commenced within two years after
the death of such person."

There appears to be no dispute in regard to the facts.
The only question presented is as to the proper distribu-
tion of the funds.  There is no proof in the record that
Mrs. Bailey, the mother of the deceased, was in any way
dependent upon her son for support, or that he had ever
furnished her any pecuniary aid.  The administrator
offered to prove that Mrs. Griffin, the widow of the de-
ceased, "was the only person who was dependent upon
said decedent for support, or who received any support
from him during his lifetime."  This evidence was ob-
jected to, and the objection sustained and the evidence
excluded.  The appellant concedes that if the deceased
had been furnishing his mother with support and main-
tenance, or under the conditions of the family was re-
quired to do so, she would have had a pecuniary interest
in his life and would have been entitled to her share in
the funds in question; but it is contended that it was
not the intention of the legislature that the mother is
entitled to one-half of the fund merely because she is the
next of kin.  Such a construction, it is urged, would de-
feat the beneficent purpose of the statute.  "It would en-
able the next of kin, whether lineal or collateral, whatever

their conditions, to share with the widow the fund, without any reference to the pecuniary injuries which such next of kin might sustain, or without reference to the fact that such next of kin sustained no pecuniary injury. If, in this case, instead of leaving his mother as next of kin, Griffin had left a brother or uncle as his next of kin who was wealthy and in no way dependent upon him for support, present or prospective, can it be possible that it was the intention of the legislature to deprive his widow of any part of the fund in question and give it to such brother or uncle? If the construction which the county court and district court have given to this statute is correct, it follows as a logical conclusion that any widow who is dependent upon her husband for support and maintenance would be deprived of one-half of the fund collected, without any reference to the proximity or dependence of the next of kin." (Brief of appellant.)

It is undoubtedly true that the construction of the statute complained of might in some cases result in injustice. Where the widow is left without any means of support, and the next of kin are in more fortunate circumstances and had no need of any pecuniary assistance from the deceased in his lifetime and have ample means for their own support and maintenance, the purpose of the statute, as manifested in the act itself, would seem to indicate a different basis of distribution. The measure of damages is prescribed in the statute in these words: "In every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries, resulting from such death, to the widow or widower and next of kin of such deceased person." The widow in such case may suffer much more pecuniary damage than any or all of the next of kin, and this damage is the basis of the recovery, and, if practicable, it would seem reasonable that the money realized should also be distributed on this basis. It does not, however, necessarily follow that the mother has not suffered any pecuniary injury because she has not heretofore re-

ceived pecuniary assistance from the deceased, nor even because she is not now so situated as to be in need of such assistance. A mother is entitled to support and maintenance from her son when she needs it, and, in view of the uncertainties of human affairs, the right to such assistance when needed may be considered of pecuniary value. In some of our sister states the law provides that the jury shall determine in what proportion the damages awarded shall be distributed to the widow and next of kin. This is a difficult and delicate duty and it would perhaps be desirable that the legislature should provide, if practicable, a definite rule. It was held under a statute providing that the jury might determine as to the distribution that, in case the jury failed in its verdict to determine the matter, the statute which required the money to be paid "according to the statute of distribution" must be followed by the courts. *Powell's Adm'x v. Powell*, 84 Va. 415, 4 S. E. 744. See, also, *Grotenkemper v. Harris*, 25 Ohio St. 510, and *Illinois C. R. Co. v. Barron*, 5 Wall. (U. S.) 91. Both of these cases construe statutes identical with our own. The question here is wholly as to the interpretation of our statute. It might be in the interest of justice to make it the duty of the court or jury trying the case to determine the proportion in which the damages recovered shall be distributed, but that is for the consideration of the legislature and not of the courts.

The appellee insists that the court erred in its allowance to the administrator. The case is presented here upon a printed abstract prepared under the recent act of the legislature. It does not appear from this abstract that there was any cross-appeal. The appellee therefore is not in position to question this ruling of the district court.

The judgment of the district court is

AFFIRMED.