IN RE ESTATE OF LEROY LUCHT.
EMIL LUCHT, APPELLANT, V. JOHANNA STOLLE, ADMINISTRATRIX, APPELLEE.

296 N. W. 749

FILED FEBRUARY 28, 1941. No. 30901.

*B. J. Cunningham, H. G. Wellensiek* and *W. P. Lauritsen,* for appellant.

*O. A. Abbott* and *A. G. Abbott, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

TEWELL, District Judge.

This cause originated in the county court of Hall county from proceedings in the estate of LeRoy Lucht, deceased. Johanna Stolle, appellee herein and mother of said deceased, as administratrix of said estate, filed her report and petition for final settlement and order of distribution, and Emil Lucht, appellant herein and father of said deceased, filed objections thereto. From an order of distribution made by the county court, both of said parties appealed to the district court. From the decree of the district court said Emil Lucht appeals.

The record discloses that Johanna Stolle and Emil Lucht were married to each other on May 15, 1918. They separated in January, 1920. To this union the deceased, LeRoy Lucht, was born on April 11, 1919. Johanna Stolle secured a divorce from Emil Lucht on May 18, 1920. By the decree granting divorce the custody of LeRoy Lucht was awarded

to his mother. No alimony, or amount for the support of said mother or of said child, was granted. By this decree the father was given permission to visit his son, and a right to aid in his support. Such decree has never since been modified. A year or so after such divorce, said Emil Lucht married his second wife, and now has several children. His former wife, now Johanna Stolle, was also remarried. Emil Lucht has never contributed anything toward the support of LeRoy Lucht, except that he gave his former wife, Johanna Stolle, the sum of $50 a few months after the decree of divorce. During the year 1920 Emil Lucht visited his son three or four times, and had him brought to him for a visit a few times. In 1925 Emil Lucht took a life insurance policy of the face amount of $1,000 upon his own life, and named the son as beneficiary. The mother or the son never knew of this until after the son's death. Subsequent to his remarriage in March, 1923, Emil Lucht never visited his son, never gave him anything, and never received anything from him. From the time the son was about one year old until his death, his father and himself were as strangers to each other. In June, 1933, LeRoy Lucht, the son, then 14 years of age, was killed in a collision between two automobiles. He left no estate whatsoever except a right of action to recover damages for his death. Johanna Stolle was appointed administratrix of the estate of her deceased son, and as such brought an action for his wrongful death. The action was brought under the provisions of section 30-810, Comp. St. 1929. In this action the mother, as such administratrix, recovered the sum of $3,261.78. The question involved in this cause is that of whether or not Emil Lucht is entitled, under the law, to a share in such recovery. The trial court ruled that he was not so entitled.

Section 30-809, Comp. St. 1929, provides in effect that, if the death of a person is caused by the wrongful act, neglect or default of another, and if such act, neglect or default is such as would have entitled the injured person to maintain an action for damages on account thereof, then the person who would have been liable in damages, if death had

not ensued, shall be liable notwithstanding such death. Section 30-810, Comp. St. 1929, prior to the year 1919, in reference to actions provided for in said section 30-809 reads as follows:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered therein shall be for the exclusive benefit of the widow or widower and next of kin of such deceased person, and shall be distributed to such widow, widower and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate, and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the widow or widower and next of kin of such deceased person: Provided, every such action shall be commenced within two years after the death of such person."

By chapter 92, Laws 1919, this section was amended to read as follows:

"Every such action shall be commenced within two years after the death of such person. It shall be brought by and in the name of his personal representative, for the exclusive benefit of the widow or widower and next of kin. The verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained, and the avails thereof shall be paid to and distributed among such persons in the same proportions as the personal property of an intestate under the inheritance laws. A personal representative shall not compromise or settle a claim for damages hereunder until the court by which he was appointed shall first have consented to and approved of the terms thereof."

By chapter 75, Laws 1937, said section, as amended by said chapter 92, Laws 1919, was repealed and reenacted, word for word, and the following provision added thereto:

"And the amount so received in settlement or recovered by judgment shall be reported to and paid into said court

for distribution subject to the order of such court to the persons entitled thereto: Provided, said amount shall not be subject to any claim against the estate of said decedent."

The action in which appellee recovered said sum as administratrix was begun in 1933.

Some of the decisions of this court that relate to said statutes are of aid in the solution of the questions involved. Both before and after the amendment of 1919 it has been repeatedly held that the only recoverable loss is a pecuniary loss to the widow, widower, or next of kin. *City of Friend v. Burleigh,* 53 Neb. 674, 74 N. W. 50; *Orgall v. Chicago, B. & Q. R. Co.,* 46 Neb. 4, 64 N. W. 450; *Greenwood v. King,* 82 Neb. 17, 116 N. W. 1128; *Ensor v. Compton,* 110 Neb. 522, 194 N. W. 458; *Dow v. Legg,* 120 Neb. 271, 231 N. W. 747. It has also been held that the statute requiring support of a pauper by his child does not, of itself, cause a parent to suffer a pecuniary loss by the death of his child. *Spomer v. Allied Electric & Fixture Co.,* 120 Neb. 399, 232 N. W. 767. That the personal representative as plaintiff acts merely as a trustee, and that the amount recovered is no portion of the estate of the deceased has been held. *Moore v. Omaha Warehouse Co.,* 106 Neb. 116, 182 N. W. 597; *City of Friend v. Burleigh, supra.* The appellant urges that the case of *In re Estate of Griffin,* 89 Neb. 733, 131 N. W. 1033, is decisive of the case at bar. The facts in that case were that the deceased left his widow and his mother surviving, but no children. The evidence did not show the mother to have suffered any pecuniary loss on account of the death of her son. Yet, it was held that the amount of the recovery had by the widow as administratrix must be divided between the widow and next of kin in the proportion that personal property of an intestate would be divided, which, in that case, was one-half to the widow, and one-half to the mother. The opinion of this court in that case was filed in June, 1911, prior to the 1919 amendment above quoted. The appellant's brief sets forth a copy of the bill as originally introduced in the legislature in 1919, by which an amendment to the statute that is now section 30-810 was sought.

Such original bill copied the act as theretofore existing word for word, and then added thereto a provision to the effect that the personal representative was empowered to compromise and settle his claim with the approval of the court appointing him. The bill, as it finally was passed, was amended in such manner as to change the wording of the entire act as theretofore existing, as will be seen by a comparison of the wording of the act before and after the amendment of 1919. Other holdings of this court, with relation to said statute, are to the effect that the fund recovered will be distributed to the persons entitled thereto, regardless of whether or not they were named as next of kin in the action in which such funds were recovered. *Oyster v. Burlington Relief Department,* 65 Neb. 789, 91 N. W. 699. See cases cited in annotations, 14 A. L. R. 538, under subhead III, Distribution as affected by matters of pleading and practice in death action. An interesting case is that of *Thompson v. Chicago, M. & St. P. Ry. Co.,* 104 Fed. 845. Under the facts in that case the father had deserted the mother and minor son. The boy was killed. At that time the statute made the father the only one who was next of kin of his son, and the mother, therefore, was not within the class of beneficiaries under the then Lord Campbell's Act. Judge Munger, after observing that the decisions of this court bound the federal court, held the father could not recover, as he could show no pecuniary loss.

With the decisions above cited, the history of the 1919 amendment heretofore mentioned, the amendment of 1919 itself, and also the 1937 amendment above described in mind, what was the intended effect of the said amendment of 1919? If the purpose of this amendment was merely to add the provision empowering the personal representative to compromise or settle the claim with the approval of the court, passage of the bill as originally introduced would have accomplished such purpose. Amendments recommended by the judiciary committee in the senate changed the entire body of the act. Prior to the 1919 amendment,

and at the time of the decision in *In re Estate of Griffin*, *supra*, a pertinent part of the statute read "and shall be distributed to such widow, widower and next of, kin," etc. After such amendment a pertinent part of the statute read: "The verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained, and the avails thereof shall be paid to and distributed among such persons in the same proportions," etc. By the words "the persons in whose behalf the action is brought" can logically only be meant that portion of the class designated as "widow, widower and next of kin" as are damaged, since, if none of such class is damaged, the action cannot be maintained. In the phrase "shall be paid to and distributed among such persons," the words "such persons" can logically only mean those persons in whose behalf the action is brought, namely, that portion of the potential beneficiaries of the act as are damaged. We hold that the amount recovered by the personal representative of a deceased, under the provisions of section 30-810, Comp. St. 1929, as amended by chapter 92, Laws 1919, shall be paid to and distributed among such of the widow, widower and next of kin of such deceased as suffer a pecuniary loss by the death of such deceased. The amendment of 1937, heretofore mentioned, seems to be in harmony with this holding.

Did the appellant suffer a pecuniary loss by the death of LeRoy Lucht? We are not unmindful of the various rights of a father in relation to his son, even though he may live from the son apart. Neither are we unmindful of the meaning of the phrase "pecuniary loss" as used in the holding heretofore made. It seems that the remote possibility of the appellant regaining the custody of his son, had he not died, or of the son being compelled to support the appellant in case appellant became a pauper, is too remote and uncertain to be the basis of recovery of damages. *Spomer v. Allied Electric & Fixture Co., supra.* It has been held that a father, under the circumstances outlined above, is not entitled to the wages or earnings of his child while a minor.

*Nightingale v. Withington,* 15 Mass. \*272, 8 Am. Dec. 101; 46 C. J. 1287, and cases cited under note 66. Loss of companionship, bereavement and other mental sufferings caused by the son's death, although these no doubt existed in the father, have been held not to be elements of recovery. *Dow v. Legg, supra.* Under the record in this case, we hold that the father is not shown to have suffered any pecuniary loss by the death of his son.

The appellant urges that he was named as one of the next of kin in the petition in the action in which appellee recovered as administratrix of her son's estate, and that in the instructions to the jury in that action the jury were permitted to include in their verdict any pecuniary loss suffered by appellant, and shown with reasonable certainty. We are not concerned with what errors may have been committed in the trial of that action. The finding of which of the surviving spouse and next of kin suffered a pecuniary loss by the death of the deceased, and the finding of the degree of kinship of the one or more suffering such loss, is left to the court, for determination subsequent to the recovery of the amount to be distributed, while the ratio of distribution is fixed by the statute, 14 A. L. R. 538, subhead III.

For reason above given, the decree of the trial court is affirmed. Costs in this court taxed to the appellant.

AFFIRMED.