**ARMSTRONG, Adm'r v. BERK et al.**

**No. 9999.**

United States District Court
E. D. Pennsylvania.

Jan. 17, 1951.

Joseph Head, Jr., Philadelphia, Pa., for plaintiff.

Harold Scott Baile, Philadelphia, Pa., for defendant Berk.

Elston C. Cole, Philadelphia, Pa., for defendant DiGiambattista.

Michael A. Foley, Philadelphia, Pa., for defendant Gallagher.

GRIM, District Judge.

Harry H. Parr, Jr., died intestate on February 26, 1949, as a result of injuries received in an automobile accident the day

before. From November 1, 1945, and up to the time of his death, the decedent had lived with his mother in Philadelphia and contributed toward her support. At the time of his death, Parr had two minor children, born on June 15, 1939, and May 23, 1938, respectively. The decedent's wife divorced him on December 31, 1945. Her children, who were also the above-mentioned children of the decedent, lived with her in Ohio continuously from some time before the divorce was granted up to the time of the death. Since October 29, 1945, Parr contributed nothing toward the support of his wife and nothing toward the support of his children. There was no reasonable expectation that he would have contributed toward the support of the children in the future. Parr did not marry again after the divorce. His father predeceased him and the only person to whom he was contributing support, at the time of his death, was his mother, who is 61 years of age. His only heirs under the Intestate Law were his two children.[1]

A. Millard Armstrong was appointed administrator of the estate of said Harry H. Parr, Jr., on June 9, 1949, by the Register of Wills of Philadelphia County, Pennsylvania. He has filed a diversity action in this court against all the parties in the accident under the provisions of the Pennsylvania wrongful death statute and under the provisions of the Pennsylvania survival of actions statute. With the approval of the guardian of the minor children,[2] he has entered into an agreement with the defendants in the case, subject to the approval of this court, to settle and compromise the suit (both the death action and the survival action) for the sum of $13,500. He has petitioned this court to approve the settlement,[3]

and to make an order designating the persons entitled to share in the proceeds of the suit.[4]

Counsel for the guardian of the minor children contends that all the proceeds of the wrongful death action (after the necessary and designated expenses) should go to the guardian. Counsel for the mother of the decedent contends that the mother should share in the proceeds of the wrongful death action. These two contentions create the principal issue now before this court. It has been agreed by all the parties that the mother's share of the proceeds, if any, should be $2,000.

The question in the case is this: A man dies as a result of a tortious act, leaving to survive him two children, both of whom, at the time of the death, were living apart from the decedent, were receiving no support from him and had no reasonable expectation of support from him. He also is survived by his mother, who, at the time of his death, lived with him and was receiving support from him. In view of the Intestate Act, which provides that where children and a parent survive a decedent the children take the whole estate to the exclusion of the parent, should the children in this situation receive the entire proceeds of a suit for wrongful death?

The Pennsylvania wrongful death act provides as follows: "The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; * * * and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy * * *."[5]

1. The facts have been stipulated by all the parties in the case.

2. The mother of the minor children, who has remarried, was appointed guardian of the minor children by decree of the Probate Court of Licking County, Ohio, on March 29, 1949.

3. It was stated at the argument that the Probate Court of Licking County, Ohio, will approve the action of the guardian of the minor children in joining in the

proposed settlement, if this court approves the settlement.

4. See Rule 17(c), Fed.Rules Civ.Proc. 28 U.S.C.A.; cf. Rule 2266, Pa. Rules Civil Procedure, 12 P.S.Appendix.

5. Act of 1855, 12 P.S. 1602, which is a supplement to an Act of 1851, 12 P.S. 1601. The Act was amended in 1911 and in 1937, but the provisions of the quoted section have not been changed.

Ever since the passage of the wrongful death statute the courts have limited the right to prove damages to persons who have suffered pecuniary loss as a result of the death, the pecuniary loss being that loss of support which the persons mentioned in the wrongful death statutes have sustained.[6] Since the children in the present case have sustained no loss of support, it is obvious that they could not prove any damage in a trial of the case. On the other hand, the mother was receiving support from her son and definitely has sustained a pecuniary loss, but under the terms of the Intestate Act a mother inherits nothing from her son's estate when children of the son survive him.

It is well settled that an action may be brought in a Federal District Court under the Pennsylvania wrongful death statute, but where the accident has occurred in Pennsylvania a District Court situated in Pennsylvania must follow Pennsylvania decisions construing the Act. Suders v. Campbell, D.C.M.D.Pa.1947, 73 F.Supp. 112.

Despite the fact that the wrongful death statute has been in existence in Pennsylvania for 100 years, there are no cases directly in point with the present case. Consequently, it is necessary to analyze the various situations and decisions which have arisen under the Act to see whether the decisions have developed a rule of construction from which the answer to the question in the present case can be discovered.

Where a decedent is survived by a widow and/or children, all of whom were supported by the decedent, it is clear that they all will share in the proceeds of the suit in such proportion as they would inherit under the Intestate Act.

Where there is a spouse who was being supported by the decedent and children who were not, the terms of the Intestate Act are disregarded and the children cannot share. Lewis v. Hunlock's Creek & M. Turnpike Co., 1902, 203 Pa. 511, 53 A.

349; Leiby v. Hanlon, Com.Pleas Mercer County 1935, 24 Dist. & Co. R. 508.

Where there are children who were being supported by the decedent and a spouse who was not being supported by the decedent, the terms of the Intestate Act will be disregarded and the children will take the entire recovery to the exclusion of the spouse. There is no case directly in point on this situation, but the Lewis case, supra, should control it. The facts in the Lewis case are the converse of the facts in this situation, but the problem in both situations is the same. In the Lewis case, there was a spouse who was being supported and children who were not; in the situation now being considered, there is a spouse who was not being supported and children who were being supported. The same reasoning should apply to both situations and the same conclusion should follow, the conclusion being that when two classes of relatives are involved, one of which has suffered a pecuniary loss and the other of which has not, the Intestate Act is disregarded and the loss-suffering class takes to the exclusion of the non-loss-suffering class. Of course, there is a slight distinction between the facts of the Lewis case and the facts of the situation now being considered, the distinction being that the Lewis case involves a supported class which is listed ahead of the non-supported class in the wrongful death act, while in the situation now being considered the supported class is listed after the non-supported class in the wrongful death act. This distinction, however, is unimportant because, in my opinion, the order in which the various classes have been listed in the wrongful death act was not set up as a method of creating preferences among classes.

Where there is a spouse who was being supported by the decedent, and there were no children, but there was a parent who was not being supported, the Intestate Act is disregarded and the widow takes the entire proceeds to the exclusion

---

There was no right of action for wrongful death at common law.

6. The funeral, medical and other relative expenses are also recoverable in accordance with the provisions of the Act.

of the parent. Lehigh Iron Co. v. Rupp, 1882, 100 Pa. 95. It should be remembered that under the Intestate Act, where there are no children, a parent can share in his child's estate, along with the child's widow, subject, however, to the widow's prior claims to her widow's exemption and her widow's allowance.

■ Where there are children, some of whom were being supported by the decedent and some of whom were not, the terms of the Intestate Act are followed and all the children share in the proceeds, despite the fact that in this situation children share in the recovery who have suffered no pecuniary loss, and their recovery takes from children, who have suffered loss, part of the sum which has been awarded them to make good their loss. In Gaydos v. Domabyl, 1930, 301 Pa. 523, at page 532, 152 A. 549, 552, the Pennsylvania Supreme Court has said: "All the children, under the act, should sue as parties plaintiff [7] even though at trial a pecuniary loss to one child only can be shown. * * * Where all sue and less than that number have been damaged, the verdict must be confined to the loss shown by those damaged, even though the verdict and distribution of the amount, under the act, must be made among *all the children*." (Emphasis supplied.) See also North Penn. R. Co. v. Robinson, 44 Pa. 175.

■ From the decisions it is difficult to arrive at any general rule, particularly because in so many cases the problem under consideration was the identity of the proper party plaintiff rather than the problem of distribution, but it appears that this rule emerges: Where any one of a class has suffered pecuniary loss the Intestate Act will be followed and all the members of the class will share equally despite differences in pecuniary loss,[8] but if there is a class, none of whose members can show pecuniary loss, the class will be excluded from sharing in the proceeds, and for purposes of distribution the class will be treated as though it does not exist.[9]

■ The present case presents a situation where there is no spouse, but there are children who were not supported and a mother who was supported. Applying the rule, which has just been set forth, to the present case, it is clear that the mother must share in the proceeds of the settlement to the exclusion of the children. Since the children can show no pecuniary loss, they, therefore, must be treated as though they do not exist.[10]

■ Permitting the mother to share in the proceeds is certainly the equitable thing to do. There are three possible solutions to the problem presented by the present case. Under the first solution, the Court, at the trial,[11] can permit the mother to prove her pecuniary loss and then at the time of distribution award to the children whatever the jury or the Court might allow as a result of the trial (which is what counsel for the children contends should be done in the present case). This would be so manifestly unfair that no court would do it, if it can be avoided. Indeed, it would deceive a jury for a judge to charge that the jury can include in its verdict the pecuniary loss which the mother has suffered, when the jury cannot know that the mother will get no part of the award. It is true, as counsel for the children contends in the present case, that hardships created by Acts

---

7. This case was decided before the Pennsylvania Rules of Civil Procedure were adopted and before an administrator was permitted to bring an action for all the interested parties.

8. Gaydos v. Domabyl, supra, which involved children. The same rule should apply to parents when and if a case arises which involves one parent who was being supported and one who was receiving no support.

9. Lewis v. Hunlock's Creek & M. Turnpike Co., supra, Lehigh Iron Co. v. Rupp, supra.

10. As the only heirs, they will receive all the proceeds of the survival action.

11. Since the case has been settled, there will be no trial in the present case, but for purposes of distribution no distinction should be made between cases which have been tried and cases which have been settled. Each case, for distribution purposes, should be viewed as though it had been tried.

of the Legislature should be corrected by the Legislature, but it is also true that a court will not construe legislation in such a way that an inequitable result will follow, if a construction can be found which will bring about a reasonable and fair result.

Under the second possible solution, the Court, at the time of the trial, can refuse to permit anyone to prove any damage (except the comparatively small cost of the funeral, the medical and related services) on the theory that the children having suffered no loss can recover nothing and, because of the terms of the Intestate Act, the mother is not entitled to recover anything. This would permit the tort-feasor to go free of liability as far as the wrongful death action is concerned, except for the burial, medical and related expenses. This solution, also, is so manifestly unfair that it should not be accepted.

The third solution is to permit the mother to prove her pecuniary loss at the trial, and then to award to her whatever sum the jury or the Court has allowed her to reimburse her for her loss. This is the only equitable solution of the problem and the only fair interpretation of the Act.

 On the question of whether or not the equities of each situation should be considered in construing the Act, the case of McAlister v. Stevens, Com.Pleas Washington County 1941, 41 Dist. & Co.R. 612 is interesting. In the McAlister case, the decedent left a widow, whom he was supporting, and a son, whom he was supporting, and two children, whom he was not supporting. The Court refused to permit the non-supported children to share in the proceeds and awarded all the proceeds in equal shares to the widow and the supported child. The decision was made after the Gaydos case, supra, and, in refusing to permit the non-supported children to share,

it was contrary to the statements made by the Pennsylvania Supreme Court in the Gaydos and other cases, but, considering its facts and the court's decision, it is an authority for the proposition that the equities should be considered in the distribution [12] of the proceeds of wrongful death actions.[13]

It must be remembered that the Act says: "The persons entitled to recover * * * shall be * * * or parents * * *." That is a definite and clear statement giving a parent a right to recover. This clear right should not be taken away by a later provision of the Act, unless the later provision clearly does this. In my opinion, the later provision in reference to the Intestate Act, viewed in the light of the facts of the present case, clearly does not take away a parent's right to recover and, therefore, the mother in the present case should be permitted to share in the proceeds.

A case closely analogous to the present case is Poff v. Pennsylvania R. Co., 327 U.S. 399, 66 S.Ct. 603, 90 L.Ed. 749, which was a suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 which provides that:

"Every common carrier by railroad * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * *, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death".

It will be noticed that the Federal Employers' Liability Act, unlike the Pennsylvania wrongful death act, creates preferences among the classes entitled to share in the proceeds of a suit, but provides that where there are no preferred classes the

---

12. Logically, it might have extended the equity theory a little further and distributed the proceeds between the widow and the child, in accordance with their respective pecuniary losses, rather than in equal shares. This would have disregarded the Intestate Act even more than the court did disregard it in the McAlister case. Such an extention would cre-

ate the awkward problem of how to determine exactly how much a jury has allowed each relative who has proved pecuniary loss.

13. See an Article by Philip Werner Amram, Esq. which appears in the Pennsylvania Bar Association Quarterly for January, 1945, Vol. XVI, No. 2 at page 183.

proceeds are to be distributed among the next of kin of the decedent.

In the Poff case the decedent left no members of a preferred class, that is, no widow, children or parents. His nearest surviving relatives were two sisters and a nephew, whom he was not supporting, and a cousin, whom he was supporting. Under the terms of the Pennsylvania Intestate Act (which governed, since the decedent was domiciled in Pennsylvania) a cousin cannot inherit when sisters and a nephew survive a decedent, 20 P.S. §§ 62, 63, 66, 67. In the Poff case and the present case the situations are similar in that in both cases distribution must be made in accordance with the terms of the Intestate Act.[14] In both cases dependency must be shown before a relative can recover, and in both cases there are supported relatives who, under the terms of the Intestate Act, cannot inherit because of the existence of non-supported relatives who inherit to the exclusion of the supported relatives. The United States Supreme Court permitted the cousin to recover,[15] saying, 327 U.S. at pges 401, 402, 66 S.Ct. at page 605, 90 L.Ed. 749: "We are not warranted in treating as an antecedent class the nearer next of kin who are not dependent. That would be to rewrite the statute. Congress has created three classes, not four or more. Yet to hold that the existence of nearer next of kin who are not dependent bars recovery by more remote next of kin who are dependent is to assume that the former constitute a preferred class. Congress, however, placed all next of kin in one class. * * * Moreover, when Congress made the widow preferred over the parents and both the widow and parents preferred over the next of kin, it barred the deferred classes from recovering by creating a preferred class which could recover. Yet if respondent's theory is adopted, the nearer next of kin who are not dependent are treated as a preferred class not for the purpose of allowing them to recover but to defeat a recovery by all next of kin."

14. The Federal Employers' Liability Act uses the words "the next of kin".

15. It reversed the Court of Appeals of the Second Circuit, 150 F.2d 902, which

An order will be entered designating the mother of the decedent as a person entitled to share in the proceeds of the wrongful death action to the extent of $2,000.

Since it is my opinion that the minors in this case have no interest in the proceeds of the wrongful death action, it would appear that court approval of the compromise settlement is not needed. See Hewitt v. Masser Motor Express, 43 Dist. & Co.R. 514. However, since all the parties desire it, an order will be entered approving the compromise settlement. Under the facts of the accident, which I have learned both from the stipulation of counsel and from information given to me at the pre-trial conference, it is my opinion that the compromise settlement is a fair one.

wrote an excellent opinion supporting its decision refusing to permit the cousin to recover.