## Moore v. Pocono Medical Center

C.P. of Monroe County, nos. 802 Civil 1994 and 31 O.C. 20.

*Kevin A. Hardy,* for administrator.

*Lori J. Cerato,* for surviving spouse.
*Mark T. McGrath,* for daughter-heir.

O'BRIEN, *J.,* October 17, 2001—On December 15, 1992, the register of wills of Monroe County issued letters of administration to Thomas P. Moore for the estate of his father Thomas E. Moore who died on July 18, 1992. The application for letters identified a surviving spouse and two sisters, in addition to the administrator, as the persons entitled to share in the proceeds of the estate. The application specifically represented that, "decedent left no will." When the son/administrator settled a wrongful death and survival action on behalf of the estate in January 1996, he specifically instructed his attorney not to seek court approval of the settlement. This action was taken so that his sisters would not know of the proceeds of the settlement. When the sisters discovered their brother's deceit, they commenced proceedings in the orphans' court division. Following an evidentiary hearing this court, inter alia, directed the administrator to file a petition for approval of the wrongful death and survival action as mandated by law. After submission of the petition, a response thereto and submission of briefs and oral argument, the petition for approval of settlement is now before the court for disposition.

When Thomas E. Moore died at the age of 57, his son felt it appropriate to file a lawsuit against the hospital where the father died. When neither the surviving spouse nor two surviving daughters were willing to pursue such a course of action, he obtained a renunciation from them of their right to administer the father's estate. Although he knew the father had a will, he chose not to probate the

will and applied for letters of administration instead. The administrator engaged the services of John Luchsinger, Esquire of Delaware County to commence the medical malpractice action. When an agreement was reached on a settlement, Attorney Luchsinger prepared a petition for court approval of the settlement. (N/T 14; deposition J. Luchsinger.) Attorney Luchsinger did not file the petition because the administrator asked him not to. (N/T 16; dep. J. L.) Incredibly, the settlement proceeds of $850,000 were paid to the administrator when both attorneys in the lawsuit had to be aware that no court of competent jurisdiction had approved the settlement. After deduction of the one-third contingent attorney fee and costs, the net proceeds amounted to $560,235.51. A handwritten inheritance tax return was filed by the administrator reflecting that only 15 percent of the settlement was treated as taxable. A tax in the amount of $4,509.20 was paid to the Commonwealth of Pennsylvania. No accounting was provided by the administrator to his sisters as heirs of the estate nor was any notification provided to them by him of the settlement of the lawsuit. On January 12, 1996, Thomas P. Moore wrote two checks to Elizabeth Moore, his mother. The first check was for $2,500 and it represented the family exemption. The second check was for $557,735.51 which represented the balance of the proceeds of the estate. Immediately thereafter, Thomas P. Moore had his mother write a check payable to him for the amount of $560,235.51. As a consequence, the son received all the proceeds of the estate and the mother received nothing. (N/T 92, 96.)

The Probate Estates and Fiduciaries Code provides in pertinent part as follows:

"(a) In general.—Whenever it shall be proposed to compromise or settle any claim, whether in suit or not, by or against an estate, or to compromise or settle any question or dispute concerning the validity or construction of any governing instrument, or the distribution of all or any part of any estate, or any other controversy affecting any estate, the court on petition by the personal representative or by any party in interest setting forth all the facts and circumstances, and after such notice as the court shall direct, aided if necessary by the report of a master, may enter a decree authorizing the compromise or settlement to be made.

"(b) Pending court action.—

"(1) Court order. Whenever it is desired to compromise or settle an action in which damages are sought to be recovered on behalf of an estate, any court or division thereof in which such action is pending and which has jurisdiction thereof may, upon oral motion by plaintiff's counsel of record in such action, or upon petition by the personal representative of such decedent, make an order approving such compromise or settlement. Such order may approve an agreement for the payment of counsel fees and other proper expenses incident to such action." (20 Pa.C.S. §3323.)

Furthermore, our Superior Court has held that where wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court. *Moore v. Gates,* 398 Pa Super. 211, 580 A.2d 1138 (1990).

In view of the foregoing provisions of law, the actions of the administrator in this proceeding in collecting the

proceeds of the wrongful death and survival action and inducing his mother to sign over the totality of the net proceeds to him is a nullity. It is always troubling to a court to come upon deceptive and fraudulent activities among family members. It is even more troubling that members of the bar participated in this charade and attempt to defend it as innocent activity. In any event, it is this court's responsibility to determine an appropriate division of the proceeds of the lawsuit.

The division of the proceeds proposed by the administrator was premised upon an exchange of correspondence between the malpractice attorney and an agent of the Commonwealth. While such agreements are frequently given careful consideration by a court in apportioning proceeds of a settlement, in view of the fraudulent posture of this proceeding, such an agreement is not persuasive. Furthermore, no evidence was presented to substantiate the division proposed by the administrator. Indeed, the deceased was only 57 years of age and the items of damages attributable to a survival action certainly had as much value as those attributable to the wrongful death action. Therefore, in the absence of any persuasive evidence to the contrary, we conclude that an equal division of the proceeds of the settlement between the wrongful death action and the survival action is appropriate.

Under the Pennsylvania wrongful death statute, 42 Pa.C.S. §8301, an action may be brought to recover damages caused by the negligent action of another. However, this cause of action is not for damages sustained by the decedent, but rather for damages sustained by the plaintiff by reason of the decedent's death. *Dolan v. Ridge,*

58 F. Supp.2d 604 (E.D. Pa. 1999); quoting *Dennick v. Scheiwer,* 381 Pa. 200, 113 A.2d 318 (1955). An action to recover damages for wrongful death of a person must be brought separately and distinctly from a survival action. *Dolan, supra* at 607.

Any damages recovered under this statute are not to become a part of the decedent's estate. Rather any award of damages is to be seen as compensation to individual members of the family for their loss *Tulewicz v. SEPTA,* 529 Pa. 588, 606 A.2d 427 (1992); *Miller v. Preitz,* 422 Pa. 383, 221 A.2d 320 (1966); *Kassab v. Central Soya,* 432 Pa. 217, 246 A.2d 848 (1968).

Damages for wrongful death have been established for the purpose of compensating the spouse, children, or parents of a deceased individual for any pecuniary losses they may have sustained as a result of the death of the decedent. *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994); *Tulewicz v. SEPTA, supra.* Ever since the passage of the wrongful death statute, the courts of this Commonwealth have limited the right to prove damages to only those persons who have suffered a pecuniary loss as a result of the death of the decedent. The pecuniary loss has been defined as the loss of support that the persons mentioned in the wrongful death statute have sustained. *Armstrong v. Berk,* 96 F. Supp. 182 (E.D. Pa. 1951).

It is true that the proceeds of a wrongful death action are to be distributed in accordance with the laws of intestate succession. 42 Pa.C.S. §8301(b). However, it is also true that where the decedent left a dependent wife and several nondependent children, the dependent widow

is to take all of the proceeds of a wrongful death action, even if this amounts to the total exclusion of the children. *McDonald v. Pennsylvania Rail Road Co.,* 108 F. Supp. 293 (E.D. Pa. 1952); *Seymour v. Rossman,* 449 Pa. 515, 297 A.2d 804 (1972); *Armstrong v. Berk, supra.*

In the case at bar, it is undisputed that all three children were not dependent upon the father. Therefore, the widow Elizabeth Moore is entitled to the entire proceeds of the wrongful death action. Since this entitlement precedes both the actions of the son in exchanging checks with his mother and the disclaimer advanced by the daughters signed by the mother in May 2001, we will make specific provisions in our order for distribution of the monies to the widow.

Unlike a wrongful death action, the survival action is not a new cause of action, but merely a cause of action that continues in the personal representative of a decedent. A survival action is brought by the personal representative of the decedent, and is an action that the decedent himself could have brought had he survived. In essence, this type of action is brought on behalf of the decedent. *Donlan v. Ridge,* 58 F. Supp.2d 604 (E.D. Pa. 1999); *Pozzuolo Estate,* 433 Pa. 185, 249 A.2d 540 (1969); 20 Pa.C.S. §§3372 and 3373. Since a survival action is essentially an action that the decedent could have brought by himself, if he were alive, the amount recovered in this type of action becomes part of the testator's estate. *Pozzuolo Estate, supra.*

Thus, any amount allocated as proceeds of the survival cause of action passes on to the heirs of the decedent either through his will (if probated) or by the laws of intestate succession. In the case at bar, the administra-

tor chose not to probate the will. A will is not to be considered to be valid or effective until it is probated. *Burns v. Kabboul,* 407 Pa. Super. 289, 595 A.2d 1153 (1991); *O'Callaghan v. O'Brien,* 199 U.S. 89, 25 S. Ct 727 (1905); *Tarver v. Tarver,* 34 U.S. 174, 9 L. Ed. 91 (1835). Therefore, in the case at bar, the proceeds in the survival action must be distributed in accordance with the intestate laws of the Commonwealth.

The Pennsylvania laws of intestate succession are very clear on the amount of an estate a surviving spouse is entitled to take from the estate of a deceased spouse. "The intestate share of decedent's surviving spouse is: (3) If there are surviving issue of the decedent all of whom are issue of the surviving spouse also, the first $30,000 plus one-half of the balance of the intestate estate . . . ." 20 Pa.C.S. §2102. That portion of the proceeds of the survival action not passing to the widow would pass to the three children of the deceased in equal shares. 20 Pa.C.S. §2103. Therefore, the administrator must pay to the surviving spouse $30,000 plus one-half of the proceeds of the survival action The remaining balance of the proceeds of the survival action shall be divided equally among the three surviving children.

In the orphans' court action, the surviving daughters have filed objections to the account filed by the administrator. In view of the foregoing conclusions in this opinion, a new account will be necessary. Therefore, the objections will be sustained and a new account ordered.

## ORDER

And now, October 17, 2001, upon consideration of the petition of Thomas P. Moore, administrator of the

estate of Thomas E. Moore, for approval of the settlement of a wrongful death and survival action, it is ordered as follows:

(1) The administrator is authorized to settle both actions for the amount of $850,000.

(2) Attorneys' fees in the amount of $283,333 to John A. Luchsinger P.C. and expenses in the amount of $1,393 are approved.

(3) The net proceeds of the settlement shall be allocated 50 percent to the wrongful death action and 50 percent to the survival action.

(4) The proceeds of the wrongful death action shall be paid by the administrator to Elizabeth Moore, surviving spouse.

(5) The proceeds of the survival action shall be deposited by the administrator forthwith in an estate account in an insured financial institution maintaining an office in Monroe County, Pennsylvania. Distribution shall be in accordance with order of this court following submission of an amended account ordered this date.

## DECREE

And now, October 17, 2001, upon consideration of the foregoing opinion, it is ordered as follows:

(1) Thomas P. Moore, administrator of the estate of Thomas E. Moore, deceased, shall file in the office of the clerk of the Orphans' Court of Monroe County within 60 days of the date hereof an amended account and proposed scheduled of distribution consistent with the foregoing opinion of this court.

(2) The account and further proceedings shall comply with the provisions of Rule 6 of the Orphans' Court Rules of Monroe County.